## WILLIAM DECELL v. LEWIS LEWENTHAL.

1. **PRIVILEGE TAX.** *Unlicensed trader. Illegal sale. Repeal of statute.*
   Under the fifth section of the privilege-tax law (Acts 1875, p. 10), contracts of sale made by a merchant in his business, during the time he is unlicensed, are void, and the subsequent repeal of the statute will not make them valid. *Anding* v. *Levy, ante,* 51, cited.

2. **SAME.** *Limitation of prosecutions. Misdemeanor.*
   A criminal prosecution against such merchant, for exercising the privilege of conducting his business prior to January, 1877, without first paying the tax and procuring the license, is *prima facie* barred in April, 1879, by the Statute of Limitations.

3. **EVIDENCE.** *Exclusion. New points. Supreme Court.*
   The exclusion of evidence in the lower court cannot be sustained, on appeal, upon grounds not shown by the record to have been made below, unless the excluded evidence is inadmissible under all circumstances.

4. **INFANT.** *Necessaries. Plantation supplies.*
   The necessaries for which an infant can bind himself are personal, and if he is engaged in planting on his own account, he is not bound for supplies furnished him necessary to the occupation.

5. INFANT. *Necessaries. Mixed question of law and fact.*

   The court determines whether the articles fall within the class of
   necessaries suitable to one in the infant's condition in life, and the
   jury, whether they are actually necessary under the circumstances
   of the case.

6. SAME. *Classification of articles. Need otherwise supplied.*

   As a matter of law, tobacco, bagging, ties, and cash for cotton-picking,
   are not necessaries; and if the infant boards with his father, who
   supplies him, provisions are not, for the articles must be not only of
   suitable kind but also actually needed.

APPEAL from the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

*A. C. McNair*, for the appellant.

1. Decell should have been allowed to show by the plaintiff that the latter had not paid his privilege-tax at the time the goods were sold. Acts 1875, p. 10; Acts 1878, p. 12; *Anding* v. *Levy*, *ante*, 51. It is no answer to say that the merchant could not be made to criminate himself, for a prosecution was barred at the trial. This objection is an afterthought. The evidence was excluded in the lower court solely on the ground that the contract of sale was not void, because the statute had been repealed, and a new ground cannot be relied upon here to sustain the ruling. Moreover, the party himself, and not his counsel, must make the objection as a reason for not answering. 1 Greenl. Evid. § 451. The argument, that the defendant did not prove that the sales were made in this State, is also inappropriate in this court. Had it been made below, the proof could have been introduced. The defendant had the right to use his discretion as to the order of offering his evidence.

2. The infant was not liable for the goods purchased to carry on his planting operations. Such articles do not fall within the class called necessaries. Story on Sales, § 38; *Turberville* v. *Whitehouse*, 1 C. & P. 94; *Earle* v. *Peale*, 1 Salk. 386; *Darby* v. *Boucher*, 1 Salk. 279; 1 Roll. Abr. 729; *Tupper* v. *Cadwell*, 12 Met. 559; *Mason* v. *Wright*, 13 Met. 306; 1 Chitty on Contracts, 161; 1 Parsons on Contracts, 313. Articles must be personal to come within that class. 1 Story on Contracts, §§ 77, 79. It is not enough that they are bene-

ficial to the infant, but they must also fall within the general description of necessaries. As the infant was boarding with his father, he was not chargeable for supplies. 1 Parsons on Contracts, 314; *Burghart* v. *Angerstein*, 6 C. & P. 690. It was also erroneous to submit to the jury the question whether the articles were within the class of necessaries. That should have been determined by the court, and then the jury should have passed on their adaptation to the infant's needs. 1 Parsons on Contracts, 296 ; Story on Sales, § 35. The account shows that many of the articles are not necessaries as matter of law, and the evidence discloses that in point of fact the infant was so fully supplied that he did not need the others.

*R. H. Thompson*, for the appellee.

1. The court below correctly sustained the objection to the effort to prove by Lewenthal himself that he had not paid the privilege-tax. (1) The witness could not be made to criminate himself. The presumption is that the Circuit Judge did his duty under Code 1871, § 778. (2) There was no effort to show that Lewenthal was a merchant of this State. (3) The law relative to the tax had been repealed before suit brought. The case of *Anding* v. *Levy*, referred to by the appellant, is recognized; but it is respectfully suggested that there is this limitation to the doctrine there decided : that it is only true of contracts which are immoral. If the contract is not immoral, a repeal of the prohibitory statute renders it valid. *Central Bank* v. *Empire Stone Dressing Co.*, 26 Barb. 23 ; *Washburn* v. *Franklin*, 35 Barb. 599 ; *Curtis* v. *Leavitt*, 15 N. Y. 9, 85.

2. The second question presented is, when truly stated, whether an infant can defeat an action for necessaries, fully made out *prima facie*, by showing that he gave or sold the goods to other people, and did not use them himself. To decide this question for the appellant would defeat the beneficial intent of the law. What tradesman would sell necessaries to an infant if he was compelled to keep a sharp lookout and supervision of his customer to see that he actually, and in person, consumed every item sold ? If an infant is liable at all, he is liable when he gets the goods. Can matter *ex post facto* release him from liability ? If an infant buys a pair of trousers, and, after wearing them one day, disposes of. them, will the

tradesman's recovery be limited to the value of their use for the one day? That the infant was boarding with his father, paying him board, does not relieve him from liability for the articles of food purchased. Here the son was emancipated, the parent was not complying with the natural obligation to maintain his child in consideration of services, and the boy, who was supporting himself, was liable for necessaries. What are necessaries is a mixed question of law and fact. 1 Parsons on Contracts, 296, and authorities cited; Schouler's Domestic Relations, 555. The court below, in allowing the account to be read in evidence, decided the legal feature of the question, and the jury determined the fact.

George, C. J., delivered the opinion of the court.

The defendant in error sued the plaintiff in error upon an open account for fifty-two dollars and twenty-one cents. On appeal to the Circuit Court, a judgment was rendered against the plaintiff in error for the full amount sued for. Two defences were set up to the action in the court below. (1) That the plaintiff below was a merchant, and, at the time the goods were sold, had not paid his license-tax, as required by law; (2) that the defendant below was an infant when the goods were purchased.

The goods were sold between March 31, 1876, and Jan. 6, 1877, during which time the act of March 1, 1875, entitled " An Act to regulate the tax on privileges, and to provide a uniform license system " (Acts 1875, p. 3) was in force. In *Anding* v. *Levy, ante*, 51, we held that, under the fifth section of that act, all contracts of sale made by a merchant in his business, during the term he was unlicensed, were void. It was further held in that case that a subsequent repeal of the statutes invalidating such contracts would not have the effect to affirm them. We see no reason to change that opinion. On the cross-examination of the plaintiff below, the defendant sought to prove by him that he had not paid his license-tax, as required by the act of 1875, before referred to. Objection was made to this evidence, not on the ground that the answers of the witness would criminate him, but on the ground that the act had been repealed. At the time of the trial, in April,

1879, a prosecution against the plaintiff for a failure to pay the tax was *prima facie* barred; and, if he intended to claim the privilege of not answering because his answers might criminate him, he should have made that specific objection, so that the defendant might have removed all objection on that score, by showing that a prosecution was barred, or by making the same proof by another witness.

It is also now urged, in support of the ruling of the court rejecting the evidence, that it was not shown that the plaintiff sold the goods to the defendant in the State, and that, for aught that appears, the plaintiff was not liable to pay the license-tax. The answer to this view is, that the objection made and sustained to the proposed evidence was that the law was repealed, and that this objection implied a concession that the plaintiff was subject to the operation of the act of 1875 when the account was made. The objection should have been specifically made, so that the very point relied on for its exclusion would have been made manifest to the court and the opposing party. Any other rule would operate most unjustly, and would have the effect to ensnare the party offering evidence. Parties making untenable objections to the introduction of evidence in the court below — as they are specifically made there — will not be allowed here to change their ground, and to have the benefit of other objections not mentioned in the court below. We know of no exception to this just and salutary rule, except where the evidence offered and excluded could not be made competent and relevant under any circumstances whatever. The court erred therefore in excluding the evidence offered.

The plaintiff below, in answer to the plea of infancy, asserted that the articles sold were necessaries. He proved the sale and delivery of the articles, and that they were reasonably worth the prices charged. He also proved that the defendant, during the time he bought the goods, was farming on his own account, and was between eighteen and nineteen years of age, and that " his condition in life was as good as that of any young man in the country." He also proved that the defendant was boarding with his father and paying him board. The defendant then testified, as a witness, that he was a minor,

boarding with his father at the time he purchased the goods, and then offered to testify, further, that the articles mentioned in the account were not purchased for himself, but for laborers hired by him in the cultivation of a crop. The plaintiff's objection to this testimony was sustained. This evidence should have been admitted. The account sued on contained items of plough points and other agricultural implements, tobacco, cash, bagging and ties, bacon, flour, coffee, locks, hinges, and other items suitable for laborers on a farm. It had been shown by the plaintiff himself that the defendant was engaged in farming at the time the goods were sold. It is well settled that the necessaries for which an infant may bind himself are personal, and do not extend to supplies needed or used by him in trade. Tyler on Infancy, § 76; 1 Parsons on Contracts (5th ed.), 313; *Tupper* v. *Cadwell*, 12 Met. 559; 1 Story on Contracts, § 127; *Grace* v. *Hale*, 2 Humph. 27; *Turberville* v. *Whitehouse*, 1 C. & P. 94. In *Grace* v. *Hale*, *ubi supra*, it was held that a horse was not a necessary to a minor who was engaged in farming. Infants are not considered competent to carry on business of any sort. If they are allowed to trade or farm, and to bind themselves for articles necessary in their occupations, it is not perceived that any thing remains of the protection arising from their minority.

The court erred also in leaving the whole question of necessaries to the discretion of the jury. Necessaries are a mixed question of law and fact. The court determines whether the articles furnished fall within the class of necessaries suitable to any one, infant or adult, in the defendant's situation and condition in life; and, if the court decides that they do come within the class, the jury are to decide whether the particular articles furnished were actually necessary under the circumstances of the case. Tyler on Infancy, § 73, and cases cited. Bibb, C. J., in *Beeler* v. *Young*, 1 Bibb, 519, lays down the rule thus: " Whether the articles are of those classes for which an infant shall be bound to pay is matter of law to be judged of by the court; if they fall under those general descriptions, then, whether they were actually necessary and suitable to the condition and estate of the infant, and of reasonable prices, must, regularly, be left to the jury as matter of

fact." As matter of law, the court should have decided that the tobacco, and cash for cotton-picking were not necessaries, and so of the bagging and ties.

It must also be noted that the articles furnished, to come within the class of necessaries, must not only be of the kind which are suitable to the infant's situation in life, but must be actually needed by him, by reason of his failure to have the requisite supplies. If the infant is already supplied, the plaintiff cannot recover. It is incumbent on the plaintiff to satisfy himself by due inquiry that the articles which he furnishes are actually suitable in quantity and quality. 1 Story on Contracts, § 129. Under the proof made by the plaintiff, that the defendant was boarding with his father, all the provisions charged in the account were shown not to be necessaries. The defendant was already supplied.

*Judgment reversed, and new trial granted.*