### LUCY BRENT *v.* HENRY WILLIAMS.

INFANTS. *Necessaries. Requisites to recovery.*

> One who sells merchandise to an infant cannot recover therefor without showing—
>> (*a*) That the articles sold were, in their nature, necessaries; and
>> (*b*) That they were actually needed by the infant; and
>> (*c*) That neither necessaries nor the money therefor were supplied by the parent, guardian or others.

FROM the circuit court of, second district, Hinds county.

HON. ROBERT POWELL, Judge.

Williams, the appellee, a merchant, was the plaintiff in the court below; Mrs. Brent, the appellant, was defendant there. From a judgment in plaintiff's favor, defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Wells & Wells*, for appellant.

The policy of the law and the decisions of the court concur that three things are essential for the recovery by a tradesman for goods sold to an infant.   These prerequisites to a recovery are: first, that the articles sold shall be averred and proved to be necessaries; second, it must be charged and established that they were actually needed by the infant at the time of the sale; and, third, it must be shown that proper necessaries were not furnished by the infant's parent or guardian, or anybody else, and further, that such parent, guardian or other person did not supply the infant with money to buy necessaries.   16 Am. & Eng. Enc. L. (2 ed.), 275; *Epperson* v. *Nugent*, 57 Miss., 47; *Edmunds* v. *Mister*, 58 Miss., 765; *Decell* v. *Lewenthal*, 57 Miss., 331; *Chapman* v. *Hughes*, 61 Miss., 339.

In this case it was not shown that the articles of merchandise sued for were actually needed by the defendant, and it was shown affirmatively that a sufficient amount of money was furnished the appellant to have purchased all the articles of necessaries proper for one of her age and condition in life.   The peremptory instruction asked for by defendant should have been given.

*Williamson, Wells & Croom*, for appellee.

Whether the goods were actually necessaries, and whether they were needed by the infant defendant, were questions of fact and were properly left to the jury.   *Decell* v. *Lewenthal*, 57 Miss., 331: The infant here was a married woman, and while marriage did not emancipate her in regard to her liabilities, yet it did enlarge the scope of her necessities, because of her changed condition.   *Chapman* v. *Hughes*, 61 Miss., 339. But the court below, following *Lewenthal* v. *Decell, supra*, eliminated from the account sued upon all articles not clearly to be classed as necessaries.   While it was shown that the defendant's guardian did furnish her several hundred dollars during the year, yet a considerable portion of it was rightfully

expended to meet the unusual expenses of her marriage, and it was for the jury to say whether the balance was sufficient to procure the necessaries proper to the young woman's condition in life. The instruction given did no violence to the law of the case and those refused were rightfully refused.

Argued orally by *W. Calvin Wells*, for appellant, and by *C. M. Williamson*, for appellee.

TERRAL, J., delivered the opinion of the court.

The appellee sued Lucy Brent, a minor, upon open account for a sum aggregating nearly $300, and obtained a verdict and judgment for $221.44. The account sued on was for goods said to have been sold to appellant between August 12, 1897, and November 3, 1898. Mrs. Brent was eighteen years old in 1898; was a married woman, living with her husband, and had a guardian, W. T. Ratliff. She owned a residence in Raymond valued at $500, and an eighty-acre farm near by, valued at $8 per acre. She had some expectancy in the estate of her grandfather or grandmother, or both, and several hundred dollars in the hands of her guardian, besides the sums advanced to her by him during the years 1897 and 1898, hereinafter stated. Some of the articles whose price is sued for consisted of what might have been personal necessities to Mrs. Brent, but there was no evidence of such application, or of the necessity of the purchase for that purpose. For eight months of 1897 Mrs. Brent and her husband lived with her father-in-law, who charged them no board. Her guardian, Ratliff, advanced to Mrs. Brent during the year 1897, $708.94, and during the year 1898, $663.67. The necessaries for which a minor may bind himself are personal, and it devolves upon the person seeking to impose such liability to show that the goods furnished are necessaries, and are actually needed; and where a minor's necessities are sup plied by another, no recovery may be had against him. The large sums of money furnished by Ratliff to Mrs. Brent, con-

sidering her limited estate, were in themselves in excess of any reasonable sum for supplying her with personal necessaries, and she should have had an instruction to the jury to find in her favor. A trader selling goods to a mjnor does so at his peril, and, to recover for their value, he must show that the articles furnished were necessaries, were actually needed, and that they, or the money therefor, were not supplied by the guardian or others. *Decell* v. *Lewenthal*, 57 Miss., 331 (34 Am. Rep., 449); *Edmunds* v. *Mister*, 58 Miss., 765; Story on Cont., sec. 80.

*Reversed and remanded.*