Foster-McLaurin Furniture Co. *v.* Duvall .*et al.**

(Division A.    Feb. 1, 1926.)

[106 So. 824.    No. 25402.]

1. Infants. *Court may peremptorily instruct in favor of infant, in absence of evidence that articles furnished were actually needed by him.*

The court may peremptorily instruct in favor of infant when there is no evidence from which jury might find that articles furnished were actually needed by him, notwithstanding that jury is to decide whether particular articles furnished were actually necessary under circumstances of the case.

2. Infants. *Evidence held insufficient to support finding of jury that articles sold minors were necessary.*

Evidence *held* insufficient to support a finding by the jury that household goods and furnishings of the value of five hundred and sixty-three dollars and sixty-five cents sold to three minor boys earning eighty-five dollars per month, in pursuance of

their plan to furnish a home rather than live at a boarding house, were actually necessary.

*Corpus Juris-Cyc. References; Infants, 31 C. J., pp. 1162, n. 78; 1165, n. 32.

Appeal from circuit court of Jones county, second district.

Hon. R. S. Hall, Judge.

Suit by the Foster-McLaurin Furniture Company against J. D. Duvall, Jr., and others. From a judgment for defendants, entered on a peremptory instruction, plaintiff appeals. Affirmed.

*F. B. Collins,* for appellant.

The only question is whether the court erred in directing a verdict for appellees under the evidence. It is our contention that the question whether or not the articles purchased by the appellees in this case, under the circumstances, were necessaries, was a question of law to be decided by the court.

The question of what are necessaries for infants is a mixed question of law and fact. It is for the court to determine as a matter of law as to whether or not the articles in question come within the general class of necessaries, and for the jury to determine from the station and standing in life and the surrounding circumstances of the infants, whether the articles were actually necessary for them. But in this case the court decided both questions, and, therefore, invaded the province of the jury, taking from them the question as to whether or not the articles in question were necessaries for the appellees, under the circumstances that surrounded them at the time they were purchased. *Decell v. Lewenthal* 57 Miss. 331; Tyler on Infancy, sec. 73; *Beeler v. Young,* 1 Bibb. 519; 31 C. J., page 1078; *Epperson v. Nugent,* 57 Miss. 45; 5 Words and Phrases, "Necessaries," page 4702; *Jordan v. Coffeefield,* 70 N. C. 110 at 113.

So we submit that, as a matter of law, the articles of furniture, sold to the appellees by the appellant, according to the great weight of authorities, come within the class of necessaries, and we cannot see how there could be any question about the fact that household goods are necessaries, or are within the general class. Then if the trial court decided, as a matter of law, that the articles of furniture in question did not come within the general class of necessities, his decision was against the correct rule of law as laid down by the weight of authorities, and it should be reversed.

There could be no question about these articles coming within the class of necessaries, so the only question to be decided was whether the articles so furnished the appellees were necessaries under the particular circumstances of this case, when taking into consideration all the facts and circumstances surrounding appellees at the time they purchased them. And this was a question to be decided by the jury and not by the court. In our opinion, the court erred in taking this question from the jury and directing that a verdict for the appellees be found in this case. 31 C. J., page 1077, sec. 174.

*A. S. Scott,* for appellees.

Appellant claims that the question as to whether the articles purchased by the appellees in this case, under the circumstances, as shown by the evidence were necessaries, was a question to be decided by the jury and not a question of law to be decided by the court.

Counsel in his brief misconceives the law when he states that the court invaded the province of the jury and took away from them the question as to whether or not the articles were actually necessary for them. The court did nothing of the kind. All the court did was to judicially determine that household furniture, for unmarried minors, who admittedly were boarding, before they decided to try "batching," were not in any shape, form

or fashion necessaries, nor in any way or by any stretch of the imagination to be placed in the limited class of necessaries. The court was eminently correct in this decision.

Counsel cited the *Decell case,* 57 Miss. 331, as authority for his contention that the court erred in this case. The case is against appellant. It specifically holds that in suing for necessaries the particular articles for which the minor is being sued must be proved to be of a suitable kind and also *actually* needed. Where is the proof in this case that these minors actually needed this furniture? There is not one iota of evidence on the part of the appellant that the furniture was actually needed.

The court below did not have to decide whether furniture under certain circumstances is a necessity and so finding, then pass it on to the jury as to whether it was actually necessary; for the Decell case holds that it is further the trial court's duty to determine whether the furniture, *in this case,* falls within the class of necessaries suitable to one in the appellees' conditions of life.

There are persuasive authorities, showing the correctness of appellees' contention that the lower court did not err, but performed justly that duty given him under the authority of the Decell case, but counsel for appellees deems it superfluous to burden this court with any other citations.

COOK, J., delivered the opinion of the court.

The Foster-McLaurin Furniture Company, a corporation, appellant, instituted this suit against the appellees for the sum of five hunderd forty-three dollars and sixty-five cents, the balance alleged to be due on certain furniture and household goods previously sold by the appellant to the appellees. At the conclusion of the testimony a peremptory instruction to find for the defendants was granted, and from the judgment entered in pursuance thereof, this appeal was prosecuted.

To the declaration, a plea of infancy was interposed, and to this plea the appellant replied that the articles sold, and for which the suit was brought, were necessaries. It is admitted that the appellees are minors, being about nineteen years of age. The proof shows that at the time these goods were purchased, and prior thereto, the appellees were employed in the city of Laurel at monthly salaries of about eighty-five dollars, which they collected and spent without parental objection or restrictions. These boys were all comfortably located in a boarding house, paying for their room and meals about thirty-two dollars and fifty cents per month. They conceived the foolish idea that they could save money by renting and furnishing a home and hiring the servants necessary to run it. In pursuance of this plan, the three defendants rented a residence and applied to the appellant to purchase the furniture and household goods necessary to comfortably furnish this house. After some negotiations with the president of the appellant company, they purchased a bill of household goods and furnishing, amounting to five hundred sixty-three dollars and sixty-five cents. The president of the appellant company testified that he advised the boys against the venture, but he made no inquiry as to their age or circumstances, and they made no representations to him in that regard. This household did not prosper, and the appellant, by this suit, repossessed the goods, and no claim thereto is asserted by appellees.

While it was held by this court, in the case of *Decell* v. *Lewenthal,* 57 Miss. 331, 34 Am. Rep. 449, that "The court determines whether the articles furnished fall within the class of necessaries suitable to any one, infant or adult, in the defendant's situation and condition in life; and, if the court decides that they do come within the class, the jury are to decide whether the particular articles furnished were actually necessary under the circumstances of the case,"—yet this does not mean that the court may not peremptorily instruct in favor of the infant when there is no evidence from which the jury

might find that the articles were actually needed by him. In the *Decell case, supra,* it was further said that: "It must also be noted that the articles furnished, to come within the class of necessaries, must not only be of the kind which are suitable to the infant's situation in life, but must be actually needed by him, by reason of his failure to have the requisite supplies."

In the case at bar, there was no evidence that would support a finding by the jury that the articles. sold to these minors were actually necessary under the circumstances of the case, and we think the court was correct in peremptorily instructing the jury in their favor.

The judgment of the court below will therefore be affirmed.

*Affirmed.*