WILLIAMS v. POOL.*

(Division A.  Nov. 15, 1926.)

[110 So. 224.  No. 25935.]

1. INFANTS.
   Infant is not liable for note given for automobile accessories and feed stuff not shown to have been necessary.

2. INFANTS.
   When plea of infancy is set up against note or account for merchandise, plaintiff has burden of showing articles furnished were necessaries and suitable to infant's station and circumstances.

---

*Corpus Juris-Cyc. References: Infants, 31 C. J., p. 1078, n. 2, 26; p. 1081, n. 88; View as to what are necessaries so as to bind infant on contract, see 14 R. C. L., 256; 6 R. C. L. Supp., 808.

APPEAL from circuit court of Newton county.
HON. G. E. WILSON, Judge.

Suit by S. A. Pool against Clay Williams. Judgment for plaintiff after defendant's appeal from an adverse

judgment in a justice court, and defendant appeals. Reversed and judgment rendered.

*C. E. Johnson,* for appellant.

The suit is based on a promissory note for one hundred fifty dollars. Defendant, appellant, interposed the defense that he was a minor when the note was executed and delivered to Pool. This minority was conceded in the court below by Pool and he then based his claim on the contention that the articles furnished were necessaries for which Clay Williams, the minor, was bound to pay. An effort was made by Pool to show that Williams, the minor, had affirmed and made binding the note after becoming of age, but no affirmance such as the law requires was shown, because the best they show was that Williams said he would pay when he got able. This is wholly insufficient under section 3126, Hemingway's Code (section 4782, Code of 1906).

A mere acknowledgment in writing is not sufficient but there must be an express promise to pay. *Edmunds* v. *Mister,* 58 Miss. 765. Plaintiff Pool's right to recover rested solely on the law concerning necessaries for minors. Our court held in *Decell* v. *Lewenthall,* 57 Miss. 331, that the minor could not bind himself for articles for his farming operations. The automobile accessories clearly are not neccessaries. *Rhyne* v. *Miller,* 97 So. 758.

Now the burden is upon plaintiff, in the language of 14 R. C. L., page 256, section 34, to "show that the infant was destitute of the articles and had no way of procuring them except by his own contract."

In *Foster-McLaurin Furniture Company* v. *Duvall et al.,* 106 So. 825, the Decell case was cited with approval and it was held that where proof did not show necessities to be actual, a peremptory was proper. This burden was not met in the case now before the court to show necessaries furnished.

The decision of the lower court should be reversed.

*J. R. Byrd,* for appellee.

While nowhere in the record does it appear that the defendant, appellant here, actually pleaded infancy, I think it is fair to assume from the testimony that this was what he was driving at. But nowhere in his testimony are we able to find anything to show that all of the items were not necessaries.

We submit that having taken upon himself the burden of showing what the consideration of the note was, and in order to meet the *prima-facie* case made by the introduction of the note, it was incumbent upon him to prove by a preponderance of the evidence that the articles for which the note was given were not necessities. We submit that he has not done this. The court cannot presume that they were not necessities without proof of some kind that they were not.

This court has held in a number of cases that a party asserting or denying the existence of facts material to his defense must prove them. See *Kyle* v. *Calmes,* 1 How. 121; *Wynn* v. *Skipwith,* 12 S. & M. 14; *Merell* v. *Melchoir,* 30 Miss. 516; *Kerr* v. *Freeman,* 33 Miss. 292.

The presumption of validity attached to a promissory note, negotiable as this was, cannot be overcome except by direct and positive proof that it was or is invalid.

McGOWEN, J., delivered the opinion of the court.

S. A. Pool sued Clay Williams on a promissory note for one hundred fifty dollars in a justice of the peace court. The justice of the peace rendered judgment thereon for one hundred twenty-nine dollars and twenty-four cents, and Williams, the appellant here, appealed to the circuit court, where there was a trial and judgment upon a verdict of the jury, for the plaintiff, in the sum of one hundred twenty-three dollars and seventy cents, and Clay Williams appeals here.

On the trial of the case, the proof showed that at the time of the execution of the note, Clay Williams, the

maker, was twenty years of age, and that the note was given for articles of merchandise, and interest, furnished by Pool to Williams on that date, and prior thereto. The proof also shows that of this amount one hundred four dollars was made up of items for feed stuff for stock, and accessories for an automobile, such as tire chains, tires, and an automobile whistle. Another part of the account, sixteen dollars and eighty cents, might be considered as necessary articles, such as wearing apparel for the young man, and interest.

This being a justice of the peace case, defendant was not required to submit written pleadings, but, on the witness stand, pleaded his infancy at the time the articles were bought and the note executed. The plaintiff made no effort to show that the items totaling one hundred four dollars for automobile accessories and feed stuff were necessary and suitable to the infant's condition in life, and actually needed by him, but the proof on the subject tends to show that the feed stuff was to carry on his business of farming, and the automobile accessories are not shown to have been, in any wise, necessary, or to have fallen within the class of necessaries, and, in fact, said on the witness stand that he made no such inquiry.

The defendant asked an instruction from the court that the jury determine whether or not the items comprising a total amount of sixteen dollars and eighty cents were necessaries in this case, and limiting Pool's recovery thereto, which instruction the court refused.

When the plea of infancy is set up against a note or account for merchandise, the burden is upon the plaintiff to show that the articles furnished were necessaries furnished to the minor, with which he was not supplied, and which were suitable to his station and circumstances in life.

Under the authority of *Decell* v. *Lewenthal,* 57 Miss. 331, 34 Am. Rep. 449, the court should have held, as a matter of law, that the feed stuff for stock and the automobile accessories did not fall within the class of necessaries suitable to any one, adult or minor, in the minor's

situation and condition in life, as the plaintiff had in no wise offered to show any special circumstances under which the minor could be charged with these articles as necessaries in this case, and, under the proof here, the only articles which could have been submitted to the jury as being within the class of necessaries for any person were the articles of wearing apparel.

In the instant case, the court did precisely what was condemned in the *Decell case, supra,* by submitting the whole question to the jury as to the class of articles furnished, and as to their being actually necessary to the personal needs of the minor.

In the case of *Decell* v. *Lewenthal,* 57 Miss. 336, 34 Am. Rep. 449, Judge GEORGE, as the organ of the court said:

"It is well settled that the necessaries for which an infant may bind himself are personal, and do not extend to supplies needed or used by him in trade [citing authorities]. . . . In *Grace* v. *Hale, ubi supra,* it was held that a horse was not a necessary to a minor who was engaged in farming. Infants are not considered competent to carry on business of any sort. If they are allowed to trade or farm, and to bind themselves for articles necessary in their occupations, it is not perceived that anything remains of the protection arising from their minority.

"The court erred also in leaving the whole question of necessaries to the discretion of the jury. Necessaries are a mixed question of law and fact. The court determines whether the articles furnished fall within the class of necessaries suitable to any one, infant or adult, in the defendant's situation and condition in life; and, if the court decides that they do come within the class, the jury are to decide whether the particular articles furnished were actually necessary under the circumstances of the case. Tyler on Infancy, section 73, and cases cited. BIBB, C. J., in *Beeler* v. *Young,* 1 Bibb (Ky.), 519, lays down the rules thus: 'Whether the articles are of those classes for which an infant shall be bound to

pay is matter of law to be judged of by the court; if they fall under those general descriptions, then, whether they were actually necessary and suitable to the condition and estate of the infant, and of reasonable prices, must, regularly, be left to the jury as matter of fact.' As a matter of law, the court should have decided that the tobacco and cash for cotton-picking were not necessaries, and so of the bagging and ties.''

True it is, in the instant case, that the defendant pleading his minority said, on cross-examination, that he could not have carried on his farming enterprise without these articles. In the case quoted by Judge GEORGE, it was a horse. Here the major portion of the account was for feed for the horse.

As the jury found for the plaintiff the items composing sixteen dollars and eighty cents embraced in defendant's refused instruction, the judgment of this court will be that the appellant is only liable to the plaintiff for the sum of sixteen dollars and eighty cents for the articles furnished by Pool found to be necessaries personal to the minor. Interest will be allowed on these items at the legal rate.

*Reversed, and judgment entered here.*