ALBERT B. WHITE *v.* FRANK D. POST ET AL.

[45 South., 366.]

PRIVILEGE TAXES. *Laws* 1898, *ch.* 5, *pp.* 18–30. *Contracts. Insurance. Premium note. Offense.*

A premium note, drawn by the insured payable to himself or bearer and delivered to the solicitors writing the insurance, is void, under Laws 1898, ch. 5, pp. 8–33, if the solicitors had not paid the privilege tax imposed by the statute on his occupation; and no recovery can be had thereon by a subsequent holder.

FROM the circuit court of Leflore county.

HON. SIDNEY M. SMITH, Judge.

Post and another, doing business as general agents of the Mutual Life Insurance Company, under the copartnership name of Post & Bowles, the appellees, were plaintiffs in the court below; White, the appellant, was defendant there. The suit was in assumpsit on a promissory note. From a judgment in plaintiff's favor, defendant appealed to the supreme court.

The case was tried before the court, on an agreed statement of facts, substantially set forth in the opinion of the court, a jury being waived.

Laws 1898, ch. 5, in force at the time the note sued on was executed, levied a privilege tax on each local insurance agent soliciting life insurance, and the statutes provided that all contracts made with any person liable to the tax and who had not paid it in reference to the business carried on in disregard of the statute, should be null and void so far as such person might base a claim upon them, and that a suit should not be maintainable in favor of any such person or on any such contract.

*Gwin & Mounger,* for appellant.

Since the local insurance agent, Bray, had not paid the privilege tax required by Laws 1898, ch. 5, he was, at the time

he solicited the insurance and received the appellant's promissory note, conducting his business of insurance in disregard of the statute. No one will contend that he himself could sue on the note. If he could not sue, neither can the appellees, to whom he assigned the note; they are in like condition as he. The cases of *Montjoy* v. *Bank,* 76 Miss., 402; 24 South., Rep., 870, and *Deans* v. *Robertson,* 64 Miss., 195, 1 South. Rep., 159, are decisive of this case.

Appellees contend that the transaction was between the appellant, the insured, and the insurance company, and that the failure of the agent, Bray, to pay the tax does not affect the right of the general agents, Post & Bowles, to maintain suit on the note, but there is no merit in the contention. The insurance company never owned the note; it was never delivered to the company; the company is not suing, and could not sue, upon it. The insurance company was paid by the appellees, and has no interest in the note. It is undisputed that the appellees received the note from the local agent, Bray, and, in consideration thereof, paid Bray his commissions and the insurance company the balance of the premium due, and appellees own and hold the note. It was never contemplated that the insurance company should hold the note. The transaction, as regards appellant, was entirely with Bray in so far as the acceptance of the note was concerned. Otherwise Bray would not have endorsed the note when he transferred it to Post & Bowles.

The fact that the note is payable to bearer does not affect the invalidity of the note. " The bearer of a note containing a contract founded on a violation of any principle of public policy, or rule of positive law, occupies no better situation than any other person holding such paper." *Montjoy* v. *Bank, supra.*

*T. M. Whetstone,* for appellees.

Neither Laws 1898, ch. 5, nor the cases of *Montjoy* v. *Bank,*

76 Miss., 402; s.c., 24 South., 870, and *Deans* v. *Robertson*, 64 Miss., 195, s.c., 1 South., 159, cited by learned counsel for appellant, apply to the present case. The two parties to the contract, in the execution of which the note in issue was given were White and the Mutual Life Insurance Company. The insurance company agreed to insure the life of White for a certain amount, and White agreed to pay a certain premium for such insurance. Appellant's contention that the contract was between Bray and White is unsound. In pursuance of the contract between the insurance company and White the company issued the policy to White and he gave his note for the first premium. To whom was the note actually given? To whom did White actually pay the first premium? The note was given to the insurance company by delivery to its representative, Bray, who transmitted it to the general agents for his territory, the appellees, Post & Bowles, who accepted it in payment of the first premium on the policy and disposed of it in accordance with their agreement with the insurance company by paying Bray his commissions as agent, and, after deducting their own commissions, applied the balance to the company, appellees themselves keeping the note. Bray was not known in the transaction save as agent of the company, and had no personal interest in it. The only contract to which Bray was a party was the contract by which the insurance company was to pay him a commission. By his failure to pay his privilege tax he rendered null and void his contract with the company, but such delinquency on his part does not affect the validity of any contract which he might negotiate between the insurance company and White.

The appellees are not transferees of Bray in the sense of deriving title from him. Bray merely transferred the note from his possession to that of the appellees, and appellees got their title to the note by paying the insurance company for it. Appellees never paid Bray anything for the note. They paid him instead commissions for writing the policy. Bray had no

interest in the note; there is no evidence that he was required to endorse it. While he did endorse it, the endorsement was unnecessary to its transfer to appellees; he may have been requested to endorse in order to identify it as coming through him or to guarantee its value.

Delivery of the note to the agent, Bray, was delivery to the insurance company, giving Bray no personal claim whatever, to the note.

CALHOON, J., delivered the opinion of the court.

Bray was an agent of the Mutual Life Insurance Company and had not paid his privilege tax as an agent. As such agent he solicited insurance from White, the appellant here, and got his application for a policy of insurance on his life; and he sent the application to Post & Bowles, the appellees, who were the general agents of that insurance company, and the insurance company issued a policy on the life of White and sent it to this agent Bray, who delivered it to White. Thereupon, in payment of the first premium on the policy, White executed and delivered to Bray his promissory note, which is made payable to White himself, or bearer, which White indorsed and delivered to Bray. This note was sent by Bray to Post & Bowles, the general agents of the company, who received it in payment of the first premium on the policy, and these appellees kept the note and paid the amount due the company themselves, and they themselves also paid Bray his commissions as agent. White refused to pay Post & Bowles, and they bring this suit on the note; and White defends on the ground, under the statute, that, as Bray had not paid his privilege tax license money, the note was void under the statute. Laws 1898, pp. 18–30, ch. 5.

In this state of case it is plain that the life insurance company has nothing to do with this transaction. Only Bray, Post & Bowles, and the appellant, White, have any concern in it. It is sought to avoid the cases of *Montjoy* v. *Bank,* 76

Miss., 402; 24 South., 870, and *Deans* v. *Robertson,* 64 Miss., 190; 1 South., 159, under the facts of this case; but we cannot see that the contention is sound. These cases hold that these contracts have the inherent infirmity of being against the positive rule of law which provides that all contracts made with any person who violates its provisions shall be null and void, and that this infirmity goes with the note, although payable to bearer, into the hands of any person holding it, whether an innocent purchaser or not. This is severe, but it is too firmly imbedded in our jurisprudence to be escaped by appellees. The note was made and received in the business of the life insurence agent, Bray, who delivered it to Post & Bowles, general agents of the same company, and is therefore void under our adjudications. Even subsequent repeal without a saving clause would not make the contract valid. *Decell* v. *Lewenthall,* 57 Miss., 331; 34 Am. Rep. 449; *Anding* v. *Levy,* 57 Miss., 51; 34 Am. Rep., 435.

*Reversed and remanded.*