WASHINGTON B. YOUNG *v.* STATE LIFE INSURANCE COMPANY.

[45 South., 706.]

1. PRIVILEGE TAXES. *Code* 1906, § 3894. *Contracts.*

   Code 1906, § 3894, providing a penalty for carrying on a business subject to a privilege tax without paying the tax, unlike previous statutes on the subject, does not declare a contract made in the course of the business to be void, and suits may be maintained on such contracts made after the section became operative, April 21, 1906, the carrying on of the business without paying the tax not being *malum in se.*

2. SAME. *Revenue laws. Penalty.*

   A contract arising from a transaction which is *malum in se* is void; but one made in disregard of the revenue laws is not invalid because a penalty is prescribed in aid of tax collections.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

The State Life Insurance Company, appellee, was plaintiff in the court below; Young, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The suit was on a promissory note given for a premium on a life insurance policy.  The opinion of the court states the facts of the case.

*L. W. Saucier,* for appellant.

As the State Life Insurance Company had not paid the privilege tax required by law, the contract sued on was made in violation of law and was void.   15 Am. & Eng. Ency. Law (2d ed.), 935.

Code 1906, § 3894, provides that any person or corporation exercising any of the privileges taxed by law shall be subject to a fine and imprisonment, making the violation of the law in such instance a misdemeanor.   Where the statute expressly provides that a violation thereof shall be a misedemeanor, it seems clear that the legislative intent was to render illegal all contracts which violate the statute.   15 Am. & Eng. Ency. Law (2d ed.), 939; *Buckley* v. *Humason,* 16 L. R. A., 423; *Randall* v. *Tuell,* 38 L. R. A., 143.

In the case of *Buka* v. *Woodward,* 73 Cal., 31, it was held that where a statute provides a penalty for an act, a contract founded on such act is void, even though the statute does not pronounce it void nor expressly prohibit it.

Code 1906, § 3894, pronounces a penalty for the doing of any act whereon a privilege tax is imposed, unless the tax is first paid.   The appellee violated this statute in making the contract here sued on, and is accordingly liable to criminal prosecution, and the contract itself is void although the statute may not say in express words that the contract in such case is void.

In *Buckley* v. *Humason,* 50 Minn., 195; s.c., 36 Am. St. Rep., 637; s.c., 16 L. R. A., 423, a case clearly in point with the case at bar, it was held that where the statute prohibits unlicensed persons from transacting business, any contract made in pursuance of such business is void, the payment of a privilege tax being a prerequisite to its validity.   Where a statute makes

a particular business unlawful generally, or for unlicensed persons, any contract in such business by one not authorized by law is void. See Bishop on Contracts, §§ 471, 474.

It seems clear that the intention of the Legislature in enacting Code 1906, § 3894, was not to change the general law, but only to prescribe the penalty.

*J. I. Ballenger* and *Wilburn & Gillespie,* for appellee.

Opposing counsel contends that the contract in this case is void because appellee failed to comply with the requirements of Code 1906, § 3894, providing a penalty to be inflicted upon any person or corporate body exercising any of the privileges taxed by law in this state, without first paying the tax and procuring the license required. An inspection of the Code section will show that a violation of the same will not invalidate the contract. Previous to the Code of 1906 the privilege tax statutes contained a clause making all contracts of unlicensed persons in reference to the business upon which a privilege tax was required, absolutely null and void; but Code 1906 simply prescribes a penalty by fine or imprisonment in case a person carries on such business in violation of the privilege tax laws, nothing being said in regard to the invalidity of the contracts made in such business. Can this court read into a penal statute a meaning clearly not intended by the Legislature? Code 1880, § 589, and Code 1892, § 3401, explicitly set forth that contracts made in violation of the privilege tax law shall be null and void. But this is changed in the Code of 1906, it simply imposes a penalty by fine or imprisonment or both, the Legislature manifested an intent that the validity of contracts should not be impaired.

The case of *Insurance Co. v. Pollard,* 63 Miss., 641, speaks of the statute (Code 1880, § 589) as a disability. Code 1906, § 3894, repeals this statute (Code 1880, § 589, same as Code 1892, § 3401) and removed the disability. The contract now under consideration was made after the Code 1906 had gone

into effect (as regards privilege tax laws), hence this disability was, at the time of its execution, removed.

The earlier privilege tax laws were severely penal in their nature, and made contracts void in certain cases when the contracting party failed to pay the requisite privilege tax. *Anding* v. *Levy,* 57 Miss., 51; *Decell* v. *Lewenthal,* 57 Miss., 331. Such statutes were very oppressive, and often worked great hardships on innocent persons. Code 1880 said that " no suit shall be maintainable in favor of such person on *any* contract." Subsequently Code 1892, § 3401, very beneficently modified this, and provided instead that a " suit shall not be maintained in favor of any such person on *any such contract,*" referring to the contracts only in reference to the business to be taxed. Code 1906, § 3894, following along this line of amelioration, has very wisely and justly omitted this clause, thereby showing the intent of the Legislature to render such contracts valid.

Under the construction of the privilege tax law, set forth in *Insurance Co.* v. *Pollard, supra,* this court stated that it was competent for the state through the Legislature to remove the disability it had imposed and to permit contracts not before enforceable because of the disability prescribed by the privilege tax law to be enforced. The court stated that " the power which created the barrier may remove it at any time before it has become *res judicata* between the parties; and until then there can be said to be no vested right beyond the reach of the Legislature's interference." If then an action could be maintained under the Amnesty Act which modified the harshness of Code 1880, § 589, it is idle for counsel to contend that the appellee in this case cannot maintain an action on a contract made subsequent to the act of adoption, Code 1906, § 11, which rendered the Code chapter on privilege taxes effective from and after the date of passage of said act.

CALHOON, J., delivered the opinion of the court.

On May 2, 1906 (note the date particularly), Young, the

appellant, executed his promissory note payable to the State Life Insurance Company. This note on its face shows that it was given for an extension of the time of payment of his premium on a life-insurance policy. The result of the proceedings was that the court sustained the insurance company's demurrer to Young's second plea. This second plea was on the ground that the contract was void, because in violation of law, in that the privilege tax had not been perviously paid by the insurance company. Subsequently the court gave a peremptory instruction to find for the insurance company, and overruled the motion for a new trial.

Since 1880 up to the date of the Code of 1906, the privilege tax statutes contained a clause making all contracts made in this state of case absolutely null and void. Under this Code of 1906 the whole clause declaring the voidness of contracts is omitted, and the Legislature contented itself with prescribing a fine, or imprisonment, or both, against any person or corporation exercising the privilege without first paying the tax. We held at this term, in *White* v. *Post & Bowles,* 45 South., 366, Ante 685, that a note made for premiums, pending the statute containing the clause of nullity, was void, and remained void, even if the statute had been repealed generally, without words declaring otherwise, following *Anding* v. *Levy,* 57 Miss., 51; 34 Am. Rep., 435, and *Decell* v. *Lewenthal,* 57 Miss., 331; 34 Am. Rep., 449. In the case at bar the Legislature, on page 138 of the Code of 1906, expressly declared that that Code, as to privilege taxes and three or four other chapters, should take effect and be in force from and after April 21, 1906. This puts the case precisely in the category of *State* v. *Hill,* 70 Miss., 106; 11 South., 789. It follows, therefore, inasmuch as the note was made after April 21, 1906, that this contract must be determined according to the Code of 1906, which evolves the sole question whether the note is null and void because the statute provides a penalty, although it does not contain, but omits, the clause declaring such contracts null'

and void. It is practically decided by our state in *Bohn* v. *Lowery,* 77 Miss., 426; 27 South., 604, that in cases involving revenue the contract is not void because of the penalty. In this decision this court followed the line of decisions cited in the opinion, and adopted that reasoning discriminating between contracts *malum in se* and those merely *malum prohibitum,* and that, of the penalty is merely to protect revenue, the Legislature intended to rely on the penalty only to correct the evil and did not make the contract *per se* void. See 9 Cyc., 477. This case of *Bohn* v. *Lowery* refers to the legislative construction, and we approve of the conclusion in that case. The doctrine of strict construction applies to these statutes, and the mere fact of the omission of the nullity clause so long prevailing is a very strong indication of the legislative intent to do away with the harsh act making such contracts absolutely void.

*Affirmed.*