## HUDDLESTON *v.* McMILLAN BROS. ET· AL.

[72 South. 892.]

1. CONTRACTS. *Validity. Non-payment of tax. Bills and notes. Transfer. Bona fide purchaser. Defenses.*

Contracts made by a party who has not paid his privilege tax are valid since April 21, 1906, at which time the statute (Ann. Code 1892, section 3401), declaring all contracts made by a party who had not paid his privilege tax void was amended (Code 1906, section 3894) and the legislature omitted from the statute the provision, declaring contracts void when made by a person who had not paid his privilege tax, and the penalty for such failure was made a fine and imprisonment only. ·

2·. BILLS AND NOTES. *Transfer. Bona-fide purchaser. Defenses.*

Where defendants gave their promissory note payable to bearer for the purchase price of a stallion, in a suit on said note by a *bona-fide* purchaser thereof for value without notice, the defendants cannot set up as a defense that there was a failure of consideration, in that the stallion did not measure up to the guaranty of his procreating qualities, or that the seller of the stallion was a "vendor of horses" at the time he sold to appellees the stallion in question and had not paid a privilege tax to carry on the business of "vendor of horses" in this state and that therefore the contract as evidenced by the note was void. Since in such case our anti-commercial statute, Code 1906, section 4001, does not apply.

APPEAL from the circuit court of Atalla county.
HON. H. H. RÒDGERS, Judge.
Suit by W. H. Huddleston against McMillan Bros. and others.
From a judgment for defendants, plaintiff appeals.
The facts are fully stated in the opinion of the court.

*Somerville & Somerville* and *J. A. Teat,* for appellant.

*S. L. Dodd* and *R. H. & J. H. Thompson,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This is an appeal from the circuit court of Attala county, where W. H. Huddleston, plaintiff below and appellant here, sued McMillan Bros. *et al.*, appellees here, on three notes, and from a judgment in favor of the defendants below this appeal is taken by Huddleston. The facts shown by this record are as follows: The appellee McMillan Bros., and five or six other persons, executed and delivered three promissory notes, aggregating two thousand dollars, which notes were payable to bearer. The notes represented the purchase price of a stallion sold by one Dodd to the appellees. The stallion was delivered to the appellees, and the notes were afterwards assigned for value to the appellant, W. H. Huddleston, without notice of any controversy as to the consideration between the makers and the payee. When the first note became due, demand was made for payment and was refused, whereupon appellant filed his suit against all the makers of the notes, claiming that he was an innocent holder of the notes, and demanded judgment thereon. The appellees claimed, as a defense in the lower court, and urge the same contention here, that there was a failure of consideration, in that the stallion did not measure up to the guaranty of his procreating qualities; and, second, that the notes were not delivered; third, that they were not signed by some of the defendants; and, fourth, that Dodd, the seller of the horse, was a "vendor of horses" at the time he sold to appellees the stallion in question, and that he had not paid a privilege tax to carry on the business of "vendor of horses" in this state, and therefore the contract as evidenced by the notes was void. The lower court agreed with the appellees in the latter contention, and granted a peremptory instruction to the jury to find for the appellee, and judgment was accordingly rendered in the lower court, from which this appeal is prosecuted.

We have carefully examined the authorities, and find the law is well settled in this state that contracts made by a party who has not paid his privilege tax are valid since April 21, 1906, at which time the statute (Ann. Code 1892, section 3401), declaring all contracts made by a party who had not paid his privilege tax void, was amended (Code 1906, section 3894), and the legislature omitted from the statute the provision, declaring contracts void when made by a person who had not paid his privilege tax, and the penalty for such failure was made a fine and imprisonment only. *Young* v. *State Life Insurance Co.,* 91 Miss. 710, 45 So. 706; *Sullivan* v. *Ammons,* 95 Miss. 196, 48 So. 244. In speaking of contracts made in violation of law, Justice Terral said, in *Bohn* v. *Lowery,* 77 Miss. 424, 27 So. 604:

"The illegality, whether arising by the common law or from the statute, affects the act or contract with like infirmity. An exception to this rule of law prevails where the penalty is imposed on the offending party merely for the purpose of revenue and not to prohibit the act done, or avoid the contract."

The statute here in question imposes a penalty of fine and imprisonment merely in aid of the revenue of the state. The case of *Quartette Music Co.* v. *Haygood et al.,* 67 So. 211, is not in point here, for the very plain reason that in that case the court was dealing with the question of the failure of a foreign corporation to record its charter with the secretary of state, as required by chapter 24, Code 1906; and the decision of this court in that case does not conflict with the view expressed by this court in the cases referred to above in dealing with contracts of persons carrying on business in this state without first having paid the privilege tax.

Under the proof in this case, and the law there is no merit in the other contentions of appellees. *Phoenix National Bank* v. *Saucier et al.,* 102 Miss. 293, 59 So. 91.

We think the lower court erred in granting a peremptory instruction for the appellees; therefore the judgment of the lower court is reversed, and a judgment entered here for the appellant for the notes sued on.

Reversed and judgment entered here.

*Reversed.*