## Levinson *v.* Cox.

### [90 South. 1. No. 22107.]

1. License. *Statute held to have continued to make broker's failure to pay license a misdemeanor, but not to have continued provision making his contracts void.*

   Section 3401, Code of 1892, as amended by section 3894, Code of 1906, left out the provision theretofore in the privilege tax statute, declaring all contracts void and unenforceable, made with any person failing to pay the privilege tax required by law for carrying on the business out of which such contracts arose; but said statute as amended preserved the provision theretofore in the statute, making such failure to pay the required tax a misdemeanor, and punishable as such; and the statute has so continued in that respect through its various re-enactments down to the present time (chapter 114, Laws 1914, Hemingway's Code, section 6621; section 71, chapter 104, Laws of 1920).

2. Brokers. *May recover commissions though committing misdemeanor by failing to pay license tax.*

   Under said statute as amended, a real estate agent may sue for and recover his commissions earned in carrying on his business as such agent, notwithstanding his failure to pay the privilege tax required of such an agent by law, which is made a misdemeanor by the statute; because the criminal penalty provided by the statute is not imposed to outlaw the contract, but for the purpose of protecting the public revenue.

Appeal from circuit court of Lowndes county.

Hon. T. B. Carroll, Judge.

Action by Myrick Cox against Simon Levinson. Judgment for plaintiff, and the defendant appeals. Affirmed.

*James T. Harrison,* for appellant.

The circuit judge took the case under advisement on the motion for a new trial—being in doubt, and solved said doubt in favor of appellee, by refusing to set the judgment aside on the ground that a dealer in real estate must sell "each aggregate of considerations amounting to ten thou-

sand dollars in transactions of a current year" before he had to take out a license to do business as such, otherwise he was not liable for a privilege tax. If this is the law it is unconstitutional, as it is a special exemption not granted to any other individual or line of business. The constitution requires taxes to be uniform, and this would be an exception. For instance, each lawyer in this case is required to pay ten dollars for the privilege of doing business, irrespective of the amount done. The same is true of every other business.

Section 71 of chapter 104, Laws of 1920, quoted by the judge, says: "Every individual firm partnership, corporation, or association, desiring to enjoy any privilege taxed by law in this state shall first pay the tax prescribed to the tax collector of the county in which the privilege is to be exercised, and obtain of him the license herein required for the privilege." Section 73 makes it a penalty for failure to do so.

The judge reads section 46 to which he refers, with clouded glasses, for its intention is that the privilege tax license must be obtained in advance, as heretofore, and a tax of ten dollars paid in advance entitles the agent to do a ten thousand dollar business. Before his business shall exceed that amount it will be incumbent on him to obtain another license in advance to warrant him in doing another aggregate of business of ten thousand dollars.

Section 72 of said act, under the head of "privilege tax exemptions" states the only exemptions, and we fail to find the real estate dealer among them except he be sixty-five years old or older, etc., or blind, deaf, or dumb, or maimed by loss of hand or foot, or any disabled or infirm person who is a citizen of this state, may exercise any of the following privileges without the payment of a privilege tax. We find a real estate dealer in this class, and as it is not contended that appellant has any of the disqualifications therein enumerated, and he did not claim any such exemption, it was clearly the intention of the legislature that he should not be so exempted unless so disqualified. The

record shows that this evidence was excluded from the jury, and that the attorneys who were then in charge of the case, Messrs. Harris, Sturdivant, Owen and Garnett, did not ask for any charges thereon, as they knew that the court was contrary inclined.

The court in elaborating his misconception of the law as per his filed opinion herein and hereon indicates that one crime does not constitute an offense, in that a party cannot lay himself liable to the penalty unless he makes a specialty of the real estate business although he sues for his commissions as such on the grounds that he made the sale. The court inclines to the opinion (and he leans over so far, he falls upon it) that while he reaps the financial benefit of the transaction to the detriment of appellant, he should be forgiven because it was his first offense. Like the woman who had a child on the outside of matrimony, and asked to be excused "because it was such a little one." He seemed to have overlooked the section 76 of said act wherein it is stated that: "All privilege taxes herein levied shall be paid in addition to any and all other taxes, and any person, firm or corporation pursuing more than one of the businesses herein taxed shall pay the privilege tax on each separate business so conducted or pursued except as otherwise specifically provided by law.

The preponderance of the testimony was in favor of appellant and the jury did not have a full opportunity to pass on the law and evidence for reasons above given.

Summary. In the act quoted, it was the intention of the legislature to raise revenue—not curtail it.

*Callaway & Johnson,* for appellees.

It is insisted by appellant that the appellee ought not to recover in this case, and that said cause should be reversed for the reason that when he assisted the appellant in making this one deal, he had not previously paid a privilege license which the appellant contends he should have paid under section 46, page 119, Laws of 1920. This statute reads in part as follows:

"On each real estate agent . . . whether a firm, limited partnership or corporation . . . for each aggregate of considerations, amounting to ten thousand dollars in transactions of a current year, in, on, from or for which such agent shall have a claim or right to or shall receive a fee, commission, reward or profit." . . . he must pay a privilege tax of ten dollars. The latter part of the section reads in part as follows:

"On each dealer in real estate . . . engaged in the business of buying and selling real estate for his, their or its own account for profit, for each aggregate of consideratios for selling, amounting to ten thousand dollars in transactions of a current year" . . . a fee of ten dollars is required, etc.

It is manifest that under this statute, the appellee was not a real estate agent, nor was he a dealer in real estate. We desire to call the court's attention specially to the following language of the statute: "For each aggregate of considerations (plural) amounting to ten thousand dollars in transactions (plural) for a current year, etc." The appellant owned the house that was sold to Mrs. Clark, the appellee was only assisting him to sell his own house; this was the only real estate deal the appellee had anything whatever to do with during the current year or during the year 1921 in the state or elsewhere; the admitted aggregate value of this deal was only five thousand dollars. The appellant was not a "real estate agent" or a dealer. The appellee was not a real estate agent, or a dealer in real estate, within the meaning of the statute and the part that he took in this transaction was a mere incident or we might say accident to the position that he held as a salaried drygoods salesman with Simon Loeb & Brother.

We desire to call the court's attention to the case of *Graham* v. *State,* reported in 13th So. at page 884. In this case Graham was being prosecuted criminally for having sold one pistol without first having taken out and paid the privilege license to sell pistols. The court held that the one sale did not bring him within the inhibition of the

statute requiring the license. Judge WOODS speaking for the court said in part as follows: "There is no evidence that he was a dealer in pistols. He was not engaged in buying and selling pistols."

We respectfully submit that under the undisputed facts in this case, the appellee was not required under the law to pay a license; that he was not a real estate agent, or dealer in real estate within the meaning of the statute, and that there is no merit in any of appellant's assignments of error, and now respectfully insists that the judgment of the circuit court in awarding to the appellee the sum of two hundred dollars and costs of suit should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellee, Myrick Cox, recovered a judgment in the circuit court of Lowndes county against the appellant, Simon Levinson, for the sum of two hundred dollars claimed by the appellee as a balance due him by the appellant for his services in assisting the appellant in selling a lot and residence owned by the latter in the city of Columbus. From that judgment appellant prosecutes this appeal.

The evidence on which the verdict of the jury was based tended to show the following facts: Appellee learned that Mrs. Clark desired to purchase a residence in the city of Columbus and informed the appellant of that fact. The appellant had a residence which he was willing to sell and agreed with the appellee that if he would assist him in making a sale of it to Mrs. Clark he would pay the appellee a commission of five per cent of the sale price. With the assistance of appellee the sale and conveyance of the residence of the appellant to Mrs. Clark was made, for the sum of five thousand dollars. The appellant paid the appellee fifty dollars on his commission, leaving a balance due, according to the testimony of the appellee, of two hundred dollars, for which judgment was recovered.

It developed in the evidence that the appellee had not paid a privilege tax as a real estate agent. It is contended on behalf of the appellant that because of such a failure the appellee under the law had no right to receive a commission for his services in making sale of said property; that the business of appellee as a real estate agent was unlawful, and therefore the contract between appellant and appellee by which the former agreed to pay the latter a commission for his services in negotiating a sale of his residence was void.

Under section 3401, Code of 1892, and prior to the amendment of that section by section 3894, Code of 1906, all contracts made with any person who had failed to pay the privilege tax required by law for carrying on the business out of which the contracts arose were declared null and void so far as any claim might be based thereon, by such person violating the statute. And, in addition, the failure to pay and procure the required privilege license was made a misdemeanor punishable by fine or imprisonment or both. The statute as amended (section 3894, Code of 1906) left out the provision declaring such contracts void and unenforceable. And this provision is left out of chapter 114, Laws of 1914, Hemingway's Code, section 6621, and it is also omitted from the privilege tax statute now in force, chapter 104, Laws of 1920, section 71. The only penalty, therefore, provided by law for the failure to pay the required privilege tax, is that it is declared a misdemeanor punishable by fine of not less than twice the amount of the tax required nor more than five times such amount, or imprisonment in the county jail not exceeding six months, or both such fine and imprisonment.

The contract here involved is not declared void and unenforceable by the statute. It is not a contract *malum in se,* it is a contract *malum prohibitum,* and the penalty, which is alone a criminal penalty, is imposed for the sole purpose of protecting the public revenue. There is no inherent infirmity or illegality in such a contract. The legislature intended to rely alone on the penalty provided

in the statute for the protection of the revenue of the state. This is now a question alone between the state and the delinquent taxpayer; those dealing with such taxpayer are not concerned in the matter. No further discussion is necessary. This identical question decided here is decided in *Huddleston* v. *McMillan Bros.;* 112 Miss. 168, 72 So. 892, *Young* v. *State Life Ins. Co.,* 91 Miss. 710, 45 So. 706, and *Sullivan* v. *Ammons,* 95 Miss. 196, 48 So. 244, and we see no reason for not adhering to the principle announced in those cases.

*Affirmed.*