HAMILTON *v.* PENN MUT. LIFE INS. CO. *et al.*

(In Banc. March 13, 1944. Suggestion of Error Overruled, April 10, 1944.)

[17 So. (2d) 278. No. 35543.]

**L. F. Easterling** and **Earle N. Floyd,** both of Jackson, for appellant.

348

Wells, Wells, Lipscomb & Newman, of Jackson, for appellees.

Argued orally by **Earle N. Floyd** and **L. F. Easterling**, for appellant, and by **Hubert Lipscomb**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

In May 1941, the appellant purchased two annuity policies from the appellee, paying a single premium for each. These policies are duplicates except as to the annuity to be paid. One of them recites that:

"The Penn Mutual Life Insurance Company

"Agrees to pay the Annuitant $25.71 on June 1, 1941, if the Annuitant be then living and a monthly annuity of Thirty Four & no/100—Dollars during the lifetime of the Annuitant, commencing on the First day of July, 1941, if the Annuitant be then living, and terminating with the last annuity payment preceding the death of the Annuitant. The Company further agrees that if the total annuity payments payable as above provided shall be less than the amount of the Single Premium, the annuity payments shall, upon receipt of due proof of the death of the Annuitant, be continued to the beneficiary until the total annuity payments made to the Annuitant and to the Beneficiaries shall equal the amount of the Single Premium

the last payment to be the difference between the total preceding payments and the single Premium.''

On July 22nd, the appellant exhibited a bill of complaint against the appellee by which she seeks to cancel these policies and obtain a refund to her of the money paid by her therefor, with interest thereon, together with reasonable attorneys' fees. The grounds on which the bill predicates the appellant's right to this recovery are: (1) fraudulent misrepresentations of fact on which the appellant purchased the policies; (2) these policies are life insurance policies and the forms thereof were not submitted to and approved by the State Insurance Commissioner before they were issued and delivered to the appellant as required by 4 Miss. Code 1942, Section 5686; and (3) if these policies should be held not to be life insurance policies, then the requirements of the Blue Sky Law, Section 4178 et seq., Code 1930, now Section 5360 et seq., 4 Miss. Code 1942, were not complied with by the appellee before they were issued. The appellee's answer to the bill of complaint denied the allegations of fraud therein, but admitted that the form of the policies had not been filed with and approved by the State Insurance Commissioner before they were issued to the appellant, and that the requirements of the Blue Sky Law were not complied with by the appellee in issuing the policies. The answer then alleges that these annnuity policies are not life insurance policies, and, therefore, not within the provisions of 4 Miss. Code 1942, Section 5686, and that they are not subject to the provisions of the Blue Sky Law. A motion of the appellant, under 2 Miss. Code 1942, Section 1300, to strike out the appellee's answer as ''insufficient in law'' was overruled by the court below, and this appeal was granted. Section 5686 of 4 Miss. Code of 1942, provides: ''That a policy of life insurance shall not be issued or delivered in this state until the form has been approved and filed by the insurance commissioner.''

Are these annuity policies life insurance policies? The only authority cited by counsel for appellant in support of their contention that they are life insurance policies is the case of State ex rel. Gully v. Mutual Life Insurance Company, 189 Miss. 830, 196 So. 796, 198 So. 763, which, they say, holds that policies of this character are life insurance policies. In this counsel are mistaken. The question there before the court was whether the words "premium receipts" in a statute imposing an annual tax on life insurance companies on "the gross amount of (their) premium receipts in this state," Laws 1935, Ex. Sess., c. 20, Sec. 108, included the money paid such companies for annuity contracts issued by them, or as the appellee there claimed, included only the money received by them for life insurance policies. The court held that the meaning of these words was not so restricted but included receipts for annuity policies, the issuance of which was life insurance business under Section 5170, Code 1930. An examination of the dissenting opinion there rendered, the briefs of counsel therein, and the cases cited in the majority opinion there rendered will make this clear.

A contract of life insurance, usually termed a life insurance policy, is defined by Section 5131, Code of 1930, now Section 5633, Code of 1942, as follows: "A contract of insurance is an agreement by which one party for a consideration promises to pay money or its equivalent, or to do some act of value to the assured, upon the destruction, loss or injury of something in which the assured or other party has an interest, as an indemnity therefor." This is in accord with the common-law definition of life insurance policies. The monthly payments here promised to the appellant are not to begin "upon the destruction, loss or injury of something in which the assured or other party has an interest, as an indemnity therefor," but, on the contrary, are to begin at a fixed date and continue through the life of the appellant. The manifest purpose of this contract is to provide an income for the assured

as long as she lives. Such contracts are annuity, and not life insurance, policies. New York Life Ins. Co. v. Majet, 173 Miss. 870, 161 So. 156; 101 A. L. R. 894; 3 C. J. S., Annuities, Sec. 1, p. 1375. This has been the invariable holding of the courts when called on to answer this question.

The provision of the contract which makes it possible for this annuity not to cease with the death of the appellant but to continue to another for a limited time thereafter, does not interfere with or change its primary purpose to provide a life income for the appellant. That provision of the policy is incidental to its main purpose, may never come into operation, and is simply to insure the payment by the appellee either to the appellant or to one designated by her, of a sufficient number of monthly payments to equal in the aggregate the premium paid by the appellant for the policy.

These annuity policies, though not life insurance policies, are such as a life insurance company is authorized to issue and therefore are subject to the provisions of our statute regulating the business of life insurance companies, 4 Miss. Code 1942, Sections 5630, and not to the requirements, in this connection, of the Blue Sky Law.

Affirmed and remanded.

SPECIALLY CONCURRING OPINION.

**Anderson, J.,** delivered a specially concurring opinion.

The policy involved provides a monthly annuity for the insured during her lifetime, and at her death, if the aggregate of the annuities is less than the premium paid, the difference is payable to beneficiaries named in the policy. That made it a combination life and annuity policy, as held in the Gully case, 189 Miss. 830, 196 So. 796, 198 So. 763. To the same effect is the holding of our court in New York Life Ins. Co. v. Majet, 173 Miss. 870, 161 So. 156, 101 A. L. R. 894. In other words, it was two

policies in one. Life insurance is defined in Bouvier's Law Dictionary, Rawle's Third Rev., vol. 1, pages 1619 and 1620, as follows:

"The insurance of the life of a person is a contract by which the insurer, in consideration of a certain premium, either in a gross sum or periodical payments, undertakes to pay the person for whose benefit the insurance is made, a stipulated sum, or annuity equivalent, upon the death of the person whose life is insured, whenever this shall happen, if the insurance be for the whole life, or in case this shall happen within a certain period, if the insurance be for a limited time."

In "A Treatise on the Law of Life and Accident Insurance," by Frederick H. Bacon, vol. 1, (4th Ed.), Sec. 207, there is this caption, "Endowment Insurance is Life Insurance." In that and following sections this subject is discussed.

It is a matter of common knowledge that it is not at all unusual for a life insurance company to write combination life and annuity policies.

It will be observed that the statute, Sec. 5630, 4 Code 1942 (Sec. 5128, Code 1930), fixes its own penalty for its violation. It provides for the revocation of the license of the insurance company to do business in the state. It contains no provision, either in direct language or by reasonable inference, that life insurance policies issued in violation of the statute shall be held void. The rule is probably universal in this country that where a statute prohibits a certain thing being done, and fixes its own penalty for its violation, the courts cannot by construction add any other or additional penalty. Where the statute itself provides no penalty, but the doing of the thing prohibited is made a crime by other laws of the state, of course, the thing done is void. That is not true here, however; the criminal laws of the state were not violated. Young v. State Life Ins. Co., 91 Miss. 710, 45 So. 706; Sullivan v. Ammons, 95 Miss. 196, 48 So. 244;

Huddleston v. McMillan Bros., 112 Miss. 168, 72 So. 892, are directly in point.

It follows from these views that the appellant is not entitled to recover because, so far as she is concerned, the contract is valid. The public alone is interested in seeing that the statute is complied with.