RAST v. SORRELL

No. 41730 March 6, 1961 127 So. 2d 435

*Cunningham & Cunningham,* Booneville, for appellant.

*W. C. Sweat, Jr.,* Corinth, for appellee.

McGEHEE, C. J.

On March 26, 1959, the appellee, Bernard D. Sorrell, a then justice of the peace, was the owner and operator of a poolroom and its equipment in the City of Corinth, Mississippi, which he was operating under a privilege tax license dated June 30, 1958, and expiring June 30, 1959. The appellant, George L. Rast, approached the appellee on that day and expressed a desire to purchase the said poolroom and its equipment. He had formerly negotiated with the appellee in an effort to purchase said poolroom and its equipment, but the former negotiations were unsuccessful. The appellee wanted the sum of $4,000 as a consideration for the sale of the said business and property but he and the appellant finally agreed upon a purchase price of $3500, the sum of $500 of which

was paid in cash on that day, and a bill of sale of the property was prepared in the presence of both the appellant and the appellee, and which bill of sale was to be executed and delivered when the mayor and board of aldermen of the city had approved the application of the appellant at the next regular meeting of the said body for a privilege tax license to operate the poolroom in the City of Corinth.

It was also agreed that the remaining $3,000 of the consideration would be paid when the municipal authorities had approved the application of the appellant for a privilege tax license to engage in the business in his own right. The application for the permit was duly executed and sworn to by the appellant on the said 26th day of March 1959 and thereupon filed with the clerk of the municipality.

The testimony on behalf of the appellee tended to show that the title of the property was to pass under the bill of sale, which was not to be delivered as aforesaid until the municipal authorities had approved the appellant's application for the privilege tax license, and when the appellant had thereupon paid the remaining $3,000 of the consideration.

The appellee testified that the property still belonged to him pending the compliance with the foregoing conditions of the sale, but it is undisputed that he placed the appellant in possession of the pool tables and other equipment and the place of business on the said 26th day of March 1959, and with the right on the part of the appellant to receive the proceeds of the business pending the said further negotiations, as a consideration for his operating the business under the privilege tax license issued in favor of the Corinth Recreation Club on June 30, 1958. Consequently, the appellant entered into possession and operation of the said property and business on the said 26th day of March 1959, and continued to so operate the said business until April 6, 1959, and at

which time the municipal authorities had approved his application for a privilege license in his own right, and at which time the appellee tendered to the appellant the bill of sale and requested the payment of the remaining $3,000 of the purchase price.

The appellant declined to accept the bill of sale or to pay the remaining $3,000 of the purchase price, and according to the testimony of the appellee the appellant said, "his health was bad, the dust in the poolroom wasn't good for it, his wife didn't approve and he wouldn't go through with it"; that the appellant then said to the appellee, "Here are the keys", which the appellee said he had to accept or leave the place of business open.

The appellee then set about to reduce his damages by a sale of the property to the best buyer available, and he, with the aid of the appellant, was finally able to sell the same to a third party for the sum of $1,000. The appellee brought this suit for the remaining $2,000 of the promised purchase price and the jury, under proper instructions, rendered a verdict for the appellee in the said amount.

The appellant on this appeal claims that he is relieved of any liability for the payment of this $2,000 for the reason that under Section 9696-214, the privilege tax license under which he was to operate and did operate the business during the period of ten days beginning on March 26, 1959, was a license which constituted a personal privilege to the Corinth Recreation Club; that the license was not transferable and that the appellee participated with the appellant in operating the business for the period of ten days under the said existing license, and that he induced the appellant to thus violate the law.

But Section 9696-228 prescribes the penalty for anyone violating any provision of the chapter of the code on privilege tax license and makes it a misdemeanor and subjects the violator to a fine of not more than $500, or imprisonment in the county jail not to exceed six months,

or by both such fine and imprisonment. However, it is to be noted that neither Sections 9696-214 nor 9696-228 declare that a contract based upon an agreement to violate the law shall be void.

Section 9696-228, Code of 1942, as amended, relates to the penalties imposed upon any person violating any of the provisions of the chapter devoted to local privilege taxes, and since this section contains no provision such as was contained in Section 3401, Code of 1892, declaring null and void contracts made with any person who had failed to pay the privilege tax required by law has been construed in the case of Levinson v. Cox, 127 Miss. 250, 90 So. 1, as follows:

"Under section 3401, Code of 1892, and prior to the amendment of that section by section 3894, Code of 1906, all contracts made with any person who had failed to pay the privilege tax required by law for carrying on the business out of which the contracts arose were declared null and void so far as any claim might be based thereon, by such person violating the statute. And, in addition, the failure to pay and procure the required privilege license was made a misdemeanor punishable by a fine or imprisonment or both. The statute as amended (section 3894, Code of 1906) left out the provision declaring such contracts void and unenforceable. And this provision is left out of chapter 114, Laws of 1914, Hemingway's Code, Sec. 6621, and it is also omitted from the privilege tax statute now in force, chapter 104, Laws of 1920, sec. 71. The only penalty, therefore, provided by law for the failure to pay the required privilege tax, is that it is declared a misdemeanor punishable by fine or not less than twice the amount of tax required nor more than five times such amount, or imprisonment in the county jail not exceeding six months, or both such fine and imprisonment.

"The contract here involved is not declared void and unenforceable by the statute. It is not a contract malum

in se, it is a contract malum prohibitum, and the penalty which is alone a criminal penalty, is imposed for the sole purpose of protecting the public revenue. There is no inherent infirmity or illegality in such a contract. The Legislature intended to rely alone on the penalty provided in the statute for the protection of the revenue of the state. This is now a question alone between the state and the delinquent taxpayer; those dealing with such taxpayer are not concerned in the matter. No further discussion is necessary. This identical question decided here is decided in Huddleston v. McMillan Bros., 112 Miss. 168, 72 South. 892, Young v. State Life Ins. Co., 91 Miss. 710, 45 South. 706, and Sullivan v. Ammons, 95 Miss. 196, 48 South. 244, and we see no reason for not adhering to the principle announced in those cases.''

In Gardner v. Reed, et al., 207 Miss. 306, 42 So. 2d 206, it is said:

''The contract covered the purchase of a lawful commodity, and was not malum in se but malum prohibitum. Cf. Levinson v. Cox, 127 Miss. 250, 90 So. 1; Hartford Fire Insurance Company v. Knight, 146 Miss. 862, 111 So. 748; and Huddleston v. McMillan Brothers, 112 Miss. 168, 72 So. 892.

''It is true that in the cases above mentioned the statutes involved were for the protection of the public revenue, whereas the statutes here involved are both for the raising of revenue to defray the expenses of the Department of Agriculture in connection with such shipments as well as for the protection of the farmers in their purchase of mixed fertilizers; but since the contract here involved was to cover the sale of a commodity, the sale of which is not prohibited by law, and there is no statutory provision declaring such a contract to be void and unenforceable for failure to comply with the provisions thereof, but makes such failure a criminal offense instead, we are aligning ourselves with the de-

cisions of other jurisdictions which hold that in the absence of a statutory provision declaring a forfeiture, none will be imposed. We follow the case of Niemeyer v. Wright, 75 Va. 239, 40 Am. Rep. 720, and other similar holdings, although there are cases in some jurisdictions holding to the contrary."

The Huddleston v. McMillan Brothers case, supra, says: "We have carefully examined the authorities, and find the law is well settled in this state that contracts made by a party who has not paid his privilege tax are valid since April 21, 1906, at which time the statute (Ann. Code 1892, sec. 3401), declaring all contracts made by a party who had not paid his privilege tax void, was amended (Code 1906, Sec. 3894), and the Legislature omitted from the statute the provision, declaring contracts void when made by a person who had not paid his privilege tax, and the penalty for such failure was made a fine and imprisonment only. Young v. State Life Insurance Co., 91 Miss. 710, 45 South. 706; Sullivan v. Ammons, 95 Miss. 196, 48 South 244."

The appellant cites the cases of Powelson v. National Airlines, Inc., 220 Miss. 595, 71 So. 2d 467; Gardner v. Reed, supra, and Grapico Bottling Co. v. Ennis, 140 Miss. 502, 106 So. 97. Also Whelchel v. Stennett, 192 Miss. 241, 5 So. 2d 418. We are of the opinion that these cases are distinguishable from the case at bar and are not controlling on the issue here involved.

 We have concluded that in view of the authorities hereinbefore discussed which are relied upon by the appellee, this case must be affirmed since the provision declaring contracts void where the buyer has failed with the acquiescence of the seller to obtain a proper privilege tax license has been deleted from Sections 9696-214 and 9696-228. It is therefore immaterial as to whether the appellant operated the business as his own for the period of ten days in question or for and on behalf

of the appellee, pending the final consummation of the sale.

Affirmed.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.*, concur.