No. 23,996.

THE HAMMOND MOTOR COMPANY, *Appellant*, v. C. S. WARREN, *Appellee*.

SYLLABUS BY THE COURT.

1. REPLEVIN—*Automobile—Purchased in Violation of Statute—No Defense to Action by Mortgagee.* The purchase of an automobile in total disregard of a statute governing the sale and transfer of such property is void and affords the purchaser no defense in a replevin action instituted by a plaintiff having a lawful claim to the property.

2. SAME—*Unrecorded Chattel Mortgage—Good Between Mortgagor and Mortgagee.* A chattel mortgage, although unrecorded, is perfectly good between mortgagor and mortgagee, and the mortgagee's rights thereunder are good against a person whose only claim thereto is based upon a purchase from the mortgagor in disregard of a statute governing the sale and transfer of automobiles, which statute also provides that all sales which do not conform thereto are void.

3. SAME—*Evidence—Statutes of Other States.* In an action in replevin, pertinent statutes of another state are admissible in evidence without special reference thereto in the pleadings.

Appeal from Wyandotte district court, division No. 2; WILLIAM H. Mc-CAMISH, judge. Opinion filed March 10, 1923. Reversed.

*A. J. Herrod,* and *S. H. Roberts,* both of Kansas City, for the appellant.

*E. Q. Stillwell,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action in replevin to recover possession of an automobile of which it, as mortgagee, had been wrongfully deprived by the mortgagor, from whom the defendant claimed to have purchased it.

The plaintiff was a Missouri corporation engaged in selling automobiles in St. Louis. In February, 1920, it sold the motor car in question to one S. J. Thorwegen who made a payment thereon and gave the plaintiff a chattel mortgage on the car for the balance of the purchase price. In violation of the terms of the mortgage, Thorwegen drove the car to Kansas City, Mo., and advertised it for sale, giving his name as Meyers. Defendant testified that he read the advertisement, called on Meyers and bought the car in Kansas City, Mo., and drove it with all speed across the state line into Kansas and

to a paint shop where he had it repainted, and procured a license tag for it in his own name from the Kansas secretary of state.

By the aid of police officials and a detective agency plaintiff located the car in defendant's possession in Wyandotte county, Kansas, and when demand for its surrender was refused this action was begun.

The trial court directed a verdict for defendant and judgment was entered thereon. Plaintiff appeals, assigning various errors which need not be considered in detail.

By the law of Missouri, the sale of the car by Thorwegen alias Meyers to defendant was void. The Missouri statute provides that the owner of an automobile must procure from the secretary of state a certificate of its registration (Rev. Stat. Mo. 1919, § 7555), and in order to make a valid sale and transfer of the car, the vendor must, in the presence of a notary public or similar official, indorse his name on the back of the certificate, and the vendee must similarly indorse his name, and the acknowledging official must also sign it, and the certificate of registration must then be delivered by the vendor to the vendee, and within five days both the vendor and vendee must report the sale and purchase to the secretary of state so that the latter can make a note to that effect on his registration record or index. (Rev. Stat. Mo. 1919, § 7561.) This section further provides:

"Any sale or transfer of such motor vehicle without complying with the provisions of this section shall be fraudulent and void."

The sale and purchase of this car were made in total disregard of these statutes. No conformity thereto was made by either Thorwegen alias Meyers or defendant in any particular.

The trial court excluded the Missouri statutes because they were not pleaded. However, it was clearly shown that when the issues were joined the plaintiff did not know that the sale had occurred in Missouri; and when that fact was developed at the trial, plaintiff asked leave to amend his petition so as to plead the Missouri law. In furtherance of justice this should have been allowed (Civ. Code, § 140), especially since there was a persuasive showing that before the action was begun defendant had misled the plaintiff into believing that he had acquired the automobile in Kansas, in which case the controversy would probably have been completely governed by Kansas law. But in this connection it should also be observed

that the plaintiff could confidently hope for judgment in his favor if the matter had been governed by Kansas law, since the purchase of this car was made in violation of sections 9 and 10 of chapter 88 of the Laws of 1919.

Moreover, this action was one in replevin, in which any competent evidence, including evidence of the law of Missouri, was admissible without reference thereto in the pleadings. (*Dewey v. Bobbitt,* 79 Kan. 505, 100 Pac. 77; *Morrison v. Montgomery,* 105 Kan. 430, 432, 184 Pac. 985.) Nor would it be indiscreet to add that the old rule that a court cannot consider and apply the general statutes of another state unless they are specially pleaded and formally proved, even to prevent a miscarriage of justice, is an anachronism which comes down from the times when statutes of other states were not readily accessible, and the judiciary will not wait much longer for legislative assistance to get rid of it altogether. (See *Robinson v. Railway Co.,* 96 Kan. 137, 150 Pac. 636; 4 Wigmore on Evidence, § 2573, and notes.)

To sustain the judgment, defendant relies on the fact that plaintiff had failed to record his chattel mortgage in St. Louis. There is, of course, a field of law where innocent purchasers of chattels covered by unrecorded mortgages are protected, but it does not extend to a case like the one before us. The mortgage, although not recorded, was perfectly good between plaintiff and Thorwegen alias Meyers, and since the sale from him to defendant was void for disregard of the statutes, the latter has no better title to the car than the mortgagor.

Reversed, with instructions to enter judgment for plaintiff.