No. 25,431.

CHARLES E. MILLER, *Appellant*, v. THE COLONIAL UNDERWRITERS IN-SURANCE COMPANY OF HARTFORD, CONN. (J. COHEN and the H. J. PERRY MOTOR COMPANY), *Appellee.*

### SYLLABUS BY THE COURT.

1. SALE OF AUTOMOBILE—*Sale Made in Missouri—Law Requiring Indorsement and Transfer of Registration Certificate Not Complied With—Sale Fraudulent and Void.* The owner of an automobile, living in Missouri, undertook to sell it to a resident of Kansas, receiving the agreed price and delivering the car to the buyer, who brought it to Kansas. The Missouri statute requires an indorsement and transfer of the registration certificate and other steps where an automobile is sold, and provides that without them a sale shall be fraudulent and void. None of these requirements was complied with. Just after the expiration of the five days allowed by the statute for a record of the sale with the secretary of state the seller asserted that the car had been stolen and later collected its value from an insurance company. The car having been seized as a stolen one, the purchaser brought replevin for it, making the insurance company, which held an assignment of the rights of the insured, one of the defendants. It is held that the insurance company could invoke the protection of the statute referred to, inasmuch as the deceit practiced upon it was facilitated by the plaintiff's failure to obey the law.

2. SAME—*Evidence—Statute of Another State.* It is not a valid objection to the insurance company's invoking of the statute referred to in the foregoing paragraph that it contains penal provisions, or that the plaintiff is a resident of Kansas.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 6, 1924. Affirmed.

*David F. Carson,* of Kansas City, for the appellant.

*William S. Hogsett, Murat Boyle,* and *Ralph E. Murray,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: Charles E. Miller brought replevin against the Colonial Underwriters Insurance Company and others for the possession of a Ford automobile. A verdict for the plaintiff was set aside, and a new trial was granted on motion of the insurance company on the sole ground that error had been committed in refusing to allow it to introduce in evidence a Missouri statute requiring certain steps to be taken to effect a valid sale of a car.

The evidence tended to show these facts: J. Cohen, of Kansas

City, Mo., owned a Ford coupe which on August 29, 1921, he sold to Miller, a resident of Kansas City, Kan., for $600. The Missouri statute referred to was not complied with. Thereafter Cohen made a claim to the insurance company, which had insured him against theft, that the car had been stolen from him on September 5, 1921. The claim (for $563) was paid on November 5, 1921, Cohen giving the company an assignment of his right, title and interest in all that remained of the automobile. In May, 1922, the car was taken possession of as stolen property, and Miller brought this action, only the insurance company making a defense.

The Missouri statute provides that:

"In order to make valid or legal a sale or transfer of any motor vehicle registered in accordance with the provisions of this chapter, the vendor shall, in the presence of an officer qualified to take acknowledgments to deeds, indorse his name on the back of said certificate of registration described in section 7555, and the vendee shall also, in the presence of such officer and underneath the name of the vendor, write his own name, and to both of said names the said officer shall sign his name as a witness and receive the sum of twenty-five cents therefor; and thereupon the vendor shall deliver to the vendee or transfer the said certificate of registration and which shall be the evidence of the vendee or transferee of his ownership of said motor vehicle, and it shall be the duty of such vendee or transferee, upon request of any peace officer, to exhibit to such officer the said certificate of registration. Upon such sale of a motor vehicle, the vendor shall give notice thereof with the name and address of the vendee to the secretary of state, and the vendee shall, within five days after such sale, give notice to the secretary of state of such sale, also the business address of the previous owner, if known, the number under which the motor vehicle is registered and the name, county and business address of the vendee, and upon the payment by the vendee of a fee of fifty cents the secretary of state shall note upon the registration or index such change in ownership. Any sale or transfer of such motor vehicle without complying with the provisions of this section shall be fraudulent and void, and the vendor and vendee shall each be subject to a penalty not exceeding fifty dollars." (Revised Statutes of Missouri 1919, § 7561.)

1. According to the evidence Cohen gave the plaintiff a bill of sale of the car, acknowledging payment of the price, but the certificate of registration was not indorsed or delivered, and no notice of the transfer was given to the secretary of state. It is doubtless true, as the plaintiff suggests, that Cohen himself, after taking his money for the car, could not assert a valid claim for its return because of the noncompliance with the statute. The plaintiff further contends that the insurance company is in no better situation than Cohen, because it derived from him whatever right it has to the car.

In support of this contention he cites authorities to the effect that neither assignment nor subrogation can give an insurance company a cause of action against a wrongdoer whose negligence has subjected it to a liability, unless such a right existed in favor of the insured. (Cooley, Briefs on the Law of Insurance, p. 3894.) That rule applies where a loss to an insurance company is caused by the negligence of a third party in setting fire to insured property, but it does not fit the situation here presented. The failure to conform to the statute prevented the plaintiff from obtaining the legal title to the car through his deal with Cohen. Assuming that as against Cohen the plaintiff could assert an equitable title to the car, the question whether such a title could be asserted against the insurance company depends upon the relative equities of the claimants. The plaintiff has not merely omitted some formal requirement of the statute. If he had obtained the registration certificate when he got the car Cohen would have lacked the means of convincing the insurance company that he still owned it. If he had caused a record of the transfer to be made with the secretary of state inside of five days the insurance company would have had opportunity to protect itself against Cohen's fraud. One purpose of the statute is obviously to make it difficult for a thief to dispose of a stolen car, but it has other beneficial effects, one of them being to prevent the tricking of a would-be purchaser into paying for a car after his supposed vendor has parted with the title. If, as the evidence tends to show, the insurance company was tricked out of its money by Cohen through a device which was made available to him because of the failure of the plaintiff to take the steps required by the statute in order that his purchase should be valid, the superior equities are clearly with the insurance company; it is within the protection of the statute, and the provision that a sale of a car made without an indorsement and delivery of the registration certificate, and without a record of the change of ownership with the secretary of state, shall be fraudulent operates in its favor against the plaintiff.

2. A further objection to the admission of the Missouri statute in evidence is that it is penal and therefore has no extra-territorial force. The fifty-dollar penalty of course could not be enforced in this state. But the provision that the valid sale of a car can only be effected in a particular way is a local regulation by which the validity of sales made in Missouri may be tested, and if such a contract is void where made it is without force elsewhere. (5 R. C. L.

934, 949.) The rule that a state will not by comity give effect to a foreign law to the prejudice of its own citizens (12 C. J. 440, 449; 5 R. C. L. 911) does not mean that it will enforce a contract which is invalid under the law of the state where it was entered into, merely because the litigation is between a resident who asserts and a nonresident who denies its application. The statutes to which that rule is applied are those which discriminate against residents of other states in favor of its own. (See *Motor Co. v. Warren,* 113 Kan. 44, 213 Pac. 810, where effect was given to the Missouri statute here involved.)

The order granting a new trial is affirmed.