SIMMONS *et al v.* CALLOWAY.*

(Division A.    March 30, 1925.)

[103 So. 350.    No. 24799.]

BANKS AND BANKING.  *Loan by person in name of bank to avoid taxation not void; statutory penalty being exclusive.*

Section 267, Code of 1906 (section 3527, Hemingway's Code), making it unlawful for any bank or corporation liable to taxation on its capital stock to permit any person to use its name in loaning money, or for any person to so use the name of such a bank or corporation, is essentially a revenue statute, and a loan made in violation of its provisions is not void, but the penalty provided by the act is the full measure of punishment that may be invoked for a violation of its provisions.

*Headnote 1.  Banks and Banking, 7 C. J., Section 240 (1926 Anno).

APPEAL from chancery court of Pontotoc county.
HON. ALLEN Cox, Chancellor.

Suit by R. B. Calloway against J. C. Simmons and another.    From a decree overruling a demurrer to the complaint, defendants appeal.    Affirmed.

*Fontaine & Fontaine,* for appellants.

The statute provides that it shall be unlawful for any bank, etc., to permit any person to use its name in taking promissory notes, mortages, or deeds of trust, or to permit such instruments to indicate on their face that they are payable to such bank, etc., when the money to secure which instruments are taken is not actually or intended to be advanced by such bank; and it shall also be unlawful for any person to use the name of such bank, etc., in making loans of money; and should any such bank or individual violate the provisions of this act they shall be liable to the penalty of twenty-five per cent of the

loan to be collected by the revenue agent, etc. Code 1906, sec. 267; Hemingway's Code, sec. 3527.

The bill alleges that appellee loaned McKnight and wife through the First National Bank of Pontotoc the sum of thirty-one hundred dollars, and took note there-for to said First National Bank of Pontotoc, with deed of trust upon lands therein described to secure payment thereof in direct and palpable violation of said statute.

And it is not now to be contended that no action can be maintained upon said contract. And it is equally well settled that every contract, which grows out of, or is in connection with an illegal, or immoral act is absolutely void, and will not be enforced in law or equity. *Deans* v. *McLendon,* 30 Miss. 343; *Bohn* v. *Lowry,* 77 Miss. 424. The object and purpose of the statute, (Code 1906, sec. 267; Hemingway's Code, sec. 3527) is to prevent prefer-ences and fraud, and is for the public benefit, and is not for revenue merely.

We do not believe that the legislature intended that the penalty named in the statute should be the only pun-ishment for its violation. But intended to make, and does make, the note and deed of trust in which the name of the bank is so unlawfully used unlawful, illegal and void, especially so when it is shown, as it is in this case that it was done with the consent of the bank. Any other construction would amount to making lawful that which the statute plainly says is unlawful. 2 Elliott on Contracts, sec. 669; *Sunflower Lumber Co.* v. *Turner Supply Co.,* 48 So. 510, 132 Am. St. Rep. 20.

So we therefore conclude that the only exception to the general rule, that any contract made with reference to anything prohibited, and made unlawful by statute is void, though the statute itself does not say so, but only inflicts a penalty for its violation, made, or intended to be made by the legislature, are the privilege-tax stat-utes.

*C. A. Bratton* and *E. O. Sykes,* for appellee.

The only question presented by this appeal is a con-struction of section 3527, Hemingway's Code, sec. 267,

Code 1906. Section 3527, Hemingway's Code, section 267, Code 1906, is a revenue measure, passed to aid in getting money loaned by individuals on the tax rolls. It provides its only penalty. It is neither *malum in se,* nor *malum prohibitum* to lend money.

This section is not for the protection of the people, nor for their general welfare under the police power. *Bohn* v. *Lowry,* 77 Miss. 426: *Young v. Insurance Co.,* 91 Miss. 710; *Huddleston* v. *McMillan,* 112 Miss. 168; *Bowdritch* v. *Insurance Co.,* 5 Am. Rep. 474, 141 Mass. 292; *Hughes* v. *Snell* (Okla.), 34 L. R. A. (N. S.) 1133; *Lumber Co.* v. *Turner,* 158 Ala. 191, 132 Am. St. Rep. 20; *Mining Co.* v. *Bank,* 24 Law Ed. (U. S.) 648; *Bank* v. *Matthews,* 25 Law Ed. (U. S.) 188; *Thompson* v. *Bank,* 36 Law Ed. (U. S.) 956; *Bank* v. *Nolan,* 7 Howard (Miss.) 508; *Bank* v. *Sharp,* 8 Smedes & Marshall 82.

This section was not enacted for the benefit of the borrower or one claiming under or through him, but for the benefit of the state, and only the state can take advantage of it, and that only in the manner provided in the act, viz.; by collecting the penalty. Authorities *supra.*

Argued orally by *E. O. Sykes,* for appellee.

COOK, J., delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to a bill of complaint filed by the appellee for the purpose of canceling a deed from R. P. Wilson, trustee, to appellants as a cloud upon his title to certain land therein described, and for other relief.

The bill of complaint avers that through the First National Bank of Pontotoc, Miss., the complainant loaned the sum of three thousand dollars to one J. W. McKnight and wife, the loan being evidenced by a note for three thousand one hundred and eighty dollars bearing six per cent, interest after maturity and secured by a first mortgage or deed of trust on the lands described in the bill of complaint; that the said note was payable to the First

National Bank, but the note and deed of trust securing the same were by written assignment transferred to the appellee on the same day they were executed; that this deed of trust was promptly recorded, but by oversight the assignment thereof was not entered of record until March 20, 1924. The bill further avers that, after appellee's deed of trust had been recorded, the bank itself made a loan to the same parties and to secure the same took a second deed of trust on the same lands which was recorded long after the deed of trust to appellee had been recorded; that default was made in the payment of this indebtedness to the bank and this second deed of trust was foreclosed, the appellants being the purchasers of the land at the trustee's sale; that the appellee attended this trustee's sale, and before the sale notified all the bidders that he held a first mortgage or deed of trust on the lands, and that appellants had actual as well as constructive notice of his prior lien; that default having been made in the payment of the indebtedness due him, he thereafter foreclosed his deed of trust and at the trustee's sale purchased the land described therein for the sum of one thousand dollars and secured a proper trustee's deed conveying the same to him. To this bill of complaint the appellants demurred on the ground that, under and by reason of the provisions of section 267, Code of 1906 (section 3527, Hemingway's Code), the note and deed of trust from J. W. McKnight and wife to the appellee were void. This demurrer was overruled, and this appeal was prosecuted from the order overruling the same.

Section 267, Code of 1906 (section 3527, Hemingway's Code), was originally enacted as section 1 of chapter 107, Laws of 1906, and reads as follows:

"It shall be unlawful for any bank or corporation liable to taxation on its capital stock to permit any person to use its name in taking promissory notes, mortgages or deeds of trust, or to permit such instruments to indicate on their face that they are payable to such bank or corporation when the money to secure which in-

struments are taken is not actually advanced, or is not intended to be advanced by such bank or corporation, and it shall also be unlawful for any person to use the name of such bank or corporation in making loans of money; and should any such bank or corporation or individual violate the provisions of this act they shall be liable to the penalty of twenty-five per cent. of the amount of such loan, to be recovered by the state revenue agent in the same manner as back taxes are recovered by him.''

Section 2 of the said chapter 107, Laws of 1906, which now appears as section 2795, Code of 1906 (section 2296, Hemingway's Code), provides that all assignments of indebtedness secured by mortgage, deed of trust, or other lien of record, shall be entered of record within thirty days from the day of the assignment, and, for a failure to comply with this provision, that the assignee shall forfeit to the debtor ten per cent. of the amount of the indebtedness.

In construing this act both sections thereof should be considered together; regard being had, not only to the language of the act, but also to the objects and purposes for which it was enacted and the evil which it was sought thereby to remedy. While the act is conceivably of incidental benefit to the debtor in requiring all assignments of an indebtedness to be entered of record, the dominant purpose of the entire act is in aid of revenue. The prohibition of section 1 of the act is not directed at the business of loaning money generally, but only at a bank or corporation liable to taxation on its capital stock which permits a person to use its name in lending money, and at the person so using the name of a bank or corporation which is liable to taxation on its capital stock. There is no prohibition against a person loaning money in the name of another individual, or a partnership which paid taxes on its solvent credit, but only against using the name of a corporation which pays taxes on its capital stock, but not on solvent credits standing in its name. Before the enactment of this statute the money lender

could escape all taxes on money loaned by the simple expedient of lending his money in the name of a friendly bank. Where money is loaned in the name of an individual and secured by a recorded lien, it is readily accessible to the tax assessor, and this statute provides a penalty of sufficient severity to render the practice of loaning money in the name of a friendly corporation extremely hazardous. It provides a penalty of twenty-five per cent. of the amount of the loan against both the corporation and the individual violating the provisions of the act, to be collected by the state revenue agent in the same manner as back taxes are recovered by him, and we conclude that the dominant purpose of the act was the protection of the public revenue.

The act contains no declaration making void contracts made in violation of its provisions, and our court has expressly recognized the doctrine that in cases involving revenue the contract is not void because of the prohibition of the statute, unless expressly made so by the provisions of the statute. In the case of *Young* v. *State Life Ins. Co.,* 91 Miss. 710, 45 So. 706, this court said:

"It is practically decided by our state in *Bohn* v. *Lowery,* 77 Miss. 426, 27 So. 604, that in cases involving revenue the contract is not void because of the penalty. In this decision this court followed the line of decisions cited in the opinion, and adopted that reasoning discriminating between contracts *malum in se* and those merely *malum prohibitum,* and that, if the penalty is merely to protect revenue, the legislature intended to rely on the penalty only to correct the evil and did not make the contract *per se* void."

In volume 6, R. C. L., section 105, at page 700, it is said: "The rule that a contract is invalid if it conflicts with a statute is, however, not an inflexible one. It is only when the statute is silent and contains nothing from which the contrary is to be inferred that the contract is void. Therefore, where a statute which prohibits a contract at the same time also limits the effect, or declares the consequences which shall attach to the making of

it, the general rule that contracts prohibited by statute are void does not apply."

It is inconceivable that the legislature intended to declare the contract void when money was loaned in violation of the provisions of the act, and in addition thereto penalized the lender an additional amount of twenty-five per cent. of the amount of the loan, and we think the penalty provided by the act is the full measure of punishment that may be invoked for a violation of its provision.

The decree of the court below overruling the demurrer to the bill of complaint will therefore be affirmed.

*Affirmed.*