Equitable Credit Co., Inc., *v.* Cooper.*

(Division A. April 18, 1927.

[111 So. 749. No. 26282.]

Sales. *Failure of seller to execute bill of sale for motor truck held not to render contract void (Laws 1920, chapter 222).*

Failure of seller of motor truck to execute a bill of sale to the purchaser as required by Laws 1920, chapter 222, *held* not to render contract of sale void.

*Corpus Juris-Cyc References: Motor Vehicles, 28Cyc, p. 44, n. 80 New.

Appeal from circuit court of Newton county.

Hon. G. E. Wilson, Judge.

Suit by E. C. Cooper against the Equitable Credit Company, Inc. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

*F. K. Ethridge,* for appellant.

*C. E. Johnson,* for appellee.

McGowen, J., delivered the opinion of the court.

This is a suit upon a note executed by Cooper in favor of the Equitable Credit Company for the balance due of the purchase price of a Ford motor truck, and the declaration was based upon a conditional sale agreement signed by Cooper in connection with a note for the balance.

No bill of sale, as required by chapter 222 of the Laws of 1920, was executed by the seller to the purchaser. This was pleaded by the defendant, Cooper, which plea was held to be good by the lower court and judgment entered against the plaintiff dismissing the suit, from which judgment the plaintiff appeals here.

This precise question is settled by this court in cause No. 26089, *Hartford Fire Insurance Co.* v. *Curtis C. Knight,* — Miss. —, 111 So. 748, holding, in effect, that the failure to execute a bill of sale, as required by said chapter, does not render the contract void.

*Reversed and remanded.*