HARTFORD FIRE INS. CO. *v.* KNIGHT.*

(In Banc.    April 18, 1927.)

[111 So. 748.    No. 26089.]

1. INSURANCE. *Insured's failure to comply with law requiring written memorandum on sale of automobile held not to defeat recovery under policy requiring unconditional ownership (Laws 1920, chapter 222, section 2).*

   Failure of insured to comply with Laws of 1920, chapter 222, section 2, requiring written memorandum on sale of automobile with address of seller and person to whom seller purchased, *held* not sufficient to defeat recovery under policy providing that interest of insured must be that of unconditional and sole ownership, since failure to comply with such statute did not affect the validity of contract of sale, and purchaser by virtue thereof became the sole and unconditional owner of automobile.

2. CONTRACTS. *Contract in violation of statute is not void if it appears that legislature in prohibiting it did not so intend.*

   A contract made in violation of a statute is not void if it appears from the statute prohibiting the making of it that the legislature did not so intend.

3. CONTRACTS. *Contract in contravention of statute, containing nothing from which contrary can be inferred, is void.*

   When a statute is silent and contains nothing from which the contrary can be properly inferred, a contract in contravention therewith is void; but in determining whether contrary can be properly inferred, courts will look to language of statute, subject-matter, and purpose sought to be accomplished in its enactment.

*Corpus Juris-Cyc References: Contracts, 13CJ, p. 422, n. 84; Motor Vehicles, 28Cyc, p. 50, n. 59 New.

APPEAL from circuit court of Covington county.

HON. W. L. CRANFORD, Judge.

Action by Curtis C. Knight against the Hartford Fire Insurance Company. . Judgment for plaintiff, and defendant appeals. Affirmed. .

*R. L. McLaurin* and *T. J. Wills,* for appellant.

It is the contention of the appellant that the failure of the plaintiff, appellee, to demand and receive and the failure of Martin who sold the car to give the memorandum provided by chapter 222, Laws of 1920, in violation of the law, prevented the passing of the title to the car from Martin to appellee, and that the title remained in Martin.

If the title did not pass and become vested in appellee as the sole and unconditional owner, then the terms and conditions of the policy were breached and plaintiff was not entitled to recover on the contract. *Hartford Fire Ins. Co.* v. *McCain,* 106 So. 529; *Royal Ins. Co., Ltd.,* v. *Shirley,* 106 So. 884.

The state of Missouri has a similar statute to chapter 222, Laws of 1920. The question of ownership. and the right to recover insurance where the Missouri statute had not been complied with was before the supreme court of Kansas in *Miller* v. *Co. Underwriters' Ins. Co.,* 117 Kans. 240. The Kansas court held that this statute was intended to protect against theft and, therefore, was to be construed so as not to pass the title without a compliance therewith.

The Missouri court in passing on its statute just about three weeks later, in the case of *Connecticut Fire Ins. Co.* v. *Cox,* 268 S. W. 87, held that the motor vehicle law requiring sellers of automobiles to make an assignment on the back of the certificate of title is mandatory; that it is essentially a police regulation of the highest type; and where the seller fails to comply strictly therewith, the buyer acquires no title. See, also, *Hammond*

*Motor Co.* v. *Warren,* 113 Kans. 44, 213 Pac. 810; *Morris* v. *Firemen's Ins. Co. of New Jersey,* 247 Pac. 852. In *Ohio Farmers' Ins. Co.* v. *Todino,* 111 Ohio St. 274, 145 N. E. 25, the Ohio court had occasion to interpret a similar statute and to expressly state the effect of a non-compliance with the statute and the effect upon an insurance contract containing the sole and unconditional ownership clause in the policy. See, also, *Pope* v. *Glen Falls Ins. Co.* (Ala.), 34 So. 29.

Plaintiff was not entitled to recover for the reason that he was not the sole and unconditional owner of the car, having acquired it in violation of the statute, and a directed verdict should have been given to the defendant.

Plaintiff should not have been allowed to recover for the additional reason that under section 7, chapter 222, Laws of 1920, plaintiff in failing to obtain a bill of sale to the subject of the insurance, the automobile in question, at the time of his purchase, and in the exercise of ownership therein afterwards, without a bill of sale, committed a misdemeanor which was a continuing violation of the law, and that this state of facts existed when the policy was taken out and continuously thereafter until the time of the fire. *Ohio Farmers' Ins. Co.* v. *Todino,* 111 Ohio St. 274. See, also, *I. C. R. R. Co.* v. *Messeina,* 111 Miss. 884; *Woodson* v. *Hopkins,* 85 Miss. 171; *Mitchell* v. *Campbell,* 111 Miss. 806; *W. U. Telegraph Co.* v. *McLaurin,* 108 Miss. 273. This last case is particularly applicable as therein it was positively held that, "A wrongdoer cannot ground his case upon his own wrong," and "When it appears that plaintiff's right of recovery is based upon his own wrong, the courts will bring his case to an end, and disregard the wrongs of defendant." We also call particular attention to *Pollard* v. *Phenix Ins. Co.,* 63 Miss. 244; *Firemen's Fund Ins. Co.* v. *Haley,* 129 Miss. 525.

*E. L. Dent,* for appellees.

If the defense of breach of warranty as to sole and unconditional ownership of the automobile was relied upon to relieve the company of liability, the fact should have been specially pleaded. *Western Assur. Co.* v. *Ferrell,* 92 Miss. 103, 40 So. 8; *Liverpool, etc., Ins. Co.* v. *Farnsworth,* 72 Miss. 555, 17 So. 445; *Hartford Fire Insurance Co.* v. *McCain,* 106 So. 529; *Royal Ins. Co.* v. *Shirley,* 106 So. 884. The caption of chapter 222, Laws of 1920, is a sufficient answer to appellant's brief.

It was not intended to place the sale of automobile within the statute of frauds insofar as passing of title from the seller to the buyer. The memorandum required to be furnished by the seller and preserved by the buyer is solely for inspection by any sheriff, constable, justice of the peace, mayor, marshal, or police officer, in the event such car should probably be stolen. We are unable to appreciate how the lack of such memorandum would in any way affect the title to the automobile. 27 C. J. 309; 20 Cyc. 307.

Supplemental brief for appellee, by *E. O. Sykes* and *E. L. Dent.*

The question involved is so far reaching. The contention of the appellant is that under this law no man can own his automobile who has not a written bill of sale made out exactly in the language of the statute. That all insurance on automobiles in such cases is absolutely void. Apparently the language of some of the courts in construing statutes which are not exactly like ours bear out this contention. Upon careful analysis of them, however, there are certain vital differences either in the wording of these statutes or in the construction put upon them by the courts. For example take the case in 37 A. L. R., page 1456, with an extensive note thereto. The court will note from the reading of that statute

146 Miss.—55.

that it expressly provides that the sale is void and no title passes. Compare the language there with our law which merely makes it unlawful to fail to procure a bill of sale. The sale is not void. There is nothing unlawful in buying an automobile.

The Texas law is quite similar to ours. The Texas court in a very satisfactory opinion has construed this law as not invalidating this insurance. *Hennessey* v. *Automobile Owners' Ass'n,* 282 S. W. 791.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant on a fire insurance policy issued to him by the appellant on an automobile, which was destroyed by fire, and, from a judgment in favor of the appellee, the appellant has brought the case to this court.

The policy provides that it shall be void "if the interest of the assured in the subject of this insurance be other than unconditional and sole ownership." Chapter 222, section 2, Laws of 1920, provides:

"It shall be unlawful for any person, firm, or corporation to sell, purchase or own any automobile unless the seller shall furnish to and the buyer shall take and reserve, a written memorandum, signed by the seller, showing the make and model, motor number and other identifying marks thereof, the address of the seller, the name and address of the person from whom the seller purchased, which memorandum shall also be signed by two well-known persons as witnesses whose address and occupation shall be shown, which memorandum may be in the following form," etc.

The penalty for violating this statute is a fine or imprisonment, or both.

This statute was not complied with when the appellee purchased the automobile, and one of the appellant's contentions in the court below was, and the one here is, that because of the violation of this statute the sale of

the automobile was void, and, consequently, the appellee did not become the sole and conditional owner thereof. If the contract by which the appellee purchased the automobile should be held void because the formalities required therefor by the statute were not complied with, nevertheless, since the possession of the automobile was delivered to him by the seller, he became thereby, for all practical purposes, the owner of the automobile. *Foster* v. *Wooten,* 67 Miss. 540, 7 So. 501; 23 R. C. L. 1323.

But it is not necessary for us to rest our decisions on the ground, for the contract by which the automobile was purchased was not void. The rule that a contract made in violation of a statute is void is not absolute, for such a contract is, of course, not void if it appears from the statute prohibiting the making of it that the legislature did not so intend. It is true that "when the statute is silent, and contains nothing from which the contrary can be properly inferred, a contract in contravention of it is void." *Harris* v. *Runnels,* 12 How. 79, 13 L. Ed. 901. But in determining whether "the contrary can be properly inferred," ";the courts will look to the language of the statute, the subject-matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment, and if from all these it is manifest that it was not intended to imply a prohibition or to render the prohibited act void, the courts will so hold and will construe the statute accordingly." 13 C. J. 422; vol. 3, Williston on Contracts, section 1764; 2 Elliott's Contracts, section 668; *Young* v. *Insurance Co.,* 91 Miss. 710, 45 So. 706; *Huddleston* v. *McMillan,* 112 Miss. 168, 72 So. 892; *Simmons* v. *Calloway,* 138 Miss. 669, 103 So. 350.

The purpose which the legislature sought to accomplish by enacting this statute was not to prohibit the selling of automobiles or the making of contracts therefor, but, as declared in its title, was "to facilitate detection and prevent theft of motor vehicles." The statute does not provide merely that it shall be unlawful to sell or

purchase an automobile unless the required formalities are complied with, but also provides that it shall be unlawful to own an automobile unless the formalities required in the purchase thereof have been complied with. The statute, therefore, expressly recognizes ownership of an automobile in a person who has purchased it without complying with the statutory formalities in so doing, thereby recognizing the efficacy of the contract of sale to transfer ownership, which recognition carries with it, *ex necessitate,* the recognition of the validity of the contract by which the ownership was transferred. Compare the statute here under consideration with those under consideration in *Charles E. Miller* v. *Col. Underwriters' Fire Insurance Co.,* 117 Kan. 240, 230 P. 1030, 38 A. L. R. 1113; *Connecticut Fire Insurance Co.* v. *Cox,* 306 Mo. 537, 268 S. W. 87, 37 A. L. R. 1456; *Hammond Motor Co.* v. *Warren,* 113 Kan. 44, 213 P. 810; *Morris* v. *Firemen's Insurance Co. of N. J.,* 121 Kan. 482, 247 P. 852; *Ohio Farmers' Insurance Co.* v. *Todino,* 111 Ohio St. 274, 145 N. E. 25, 38 A. L. R. 1118; and *Hennessy* v. *Automobile Owners' Insurance Association* (Tex. Com. App.), 282 S. W. 791, 46 A. L. R. 521. The contract by which the appellee purchased the automobile was valid, and he became by virtue thereof the sole and unconditional owner of the automobile.

*Affirmed.*