**ALBERT, Plaintiff, v. SITTON et, Defendants.**

Common Pleas Court, Paulding County.

No. 18431.

Wilmer D. Rekeweg, Paulding, for plaintiff.

Perry G. Wise, Van Wert, David Peters, of Counsel, Hogg & Peters, Fort Wayne, Indiana, for defendants.

(McNEILL, J, of Van Wert County, sitting by assignment in Paulding County.)

**OPINION**

By McNEILL, J.

On April 28, 1957, a cognovit note in the sum of $1518.00 was given by defendants to plaintiff. This note was reduced to judgment in this Court on September 24, 1957, service being had by virtue of the warrant of attorney contained in said note. This matter was heard upon defendants' motion to vacate.

The face of the note shows it was made in Paulding County, Ohio, and was payable at the First National Bank of Paulding, Ohio. However, the testimony is uncontraverted that the note was in fact signed and

delivered in the State of Indiana. The law of Indiana provides that cognovit notes or warrants of attorneys are against the public policy of the State of Indiana. The Statute also provides: (Burns Indiana Statutes §22904).

"Any and all contracts, stipulations and powers of attorney given or entered into before a cause of action on such promise to pay, shall have accrued, shall be void."

This is the official Statute of Indiana and the Court must take judicial notice of the same. (Sec. 2317.44 R. C.) **Standard Agencies v. Russell, 160 Oh Ap 140.** There is no doubt that this case is within the Indiana Statutes, if they are controlling. The note was given April 28th, the first payment was not due until May 5th. The warrant of attorney was contained at the time the note was given. The Indiana Law, Burn's Indiana Statute §22906, makes the procurement of a cognovit clause or a warrant of attorney a' misdemeanor.

The question then arises as to whether a note given in Indiana where such provisions are invalid, but is payable in Ohio, may be enforced in Ohio, where jurisdiction is obtained by such warrant of attorney.

Counsel for defendants have cited the case of Standard Agencies, supra. The case holds:

"Whether a contract is usurious is to be determined by the **lex loci contractus.**"

**Corcoran v. Powers, 6 Oh St 19; Findlay v. Hall & Colcord, 12 Oh St 610.**

However, this is not controlling as this is not a case of usury. The exact opposite of these results have been reached by the Supreme Court of Ohio in the case of **Kilgore v. Dempsey, 25 Oh St 413; Scott v. Perlee, 39 Oh St 63, 8 O. Jur. 2d, 747.** "Conflict of Laws," §71 states:

"The result of these cases is that if a note is made in one state and is payable in another, the interest laws of such states being in conflict, the parties may, in good faith, contract with reference to the interest laws of either state."

Likewise, the case of **Meekison v. Groschner, 153 Oh St 301,** cited by defendants is not controlling. That case involved the statute of limitations only and, in such cases, entirely different rules prevail. There was no illegality involved.

In the case of Scudder v. Union National Bank, 91 U. S. Reports S. C. 406, the Court stated:

"Matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy depend upon the law of the place where the suit is brought."

Conflict of Laws (Joseph H. Beale), Vol. II, P. 1231, states:

"Another class of cases the illegality of which is usually an illegality of performance, not contracting, is champertous contracts. Of course if the making of such contracts is clearly illegal by the law of the place of contracting, the contract is void regardless of the law of the place of performance."

American Jurisprudence, Vol. 11, "Conflict of Laws," P. 465, §158, states:

"In many instances, the usury laws often strike at the very foundations of a contract and declare it void. In such a case it is universally agreed that the courts of another state will recognize the effect of the statute in that respect and refuse to enforce the contract."

In the case of Western Union Tel. Co. v. Eubank, 38 S. W. 1068 (Kentucky), the Court held:

"The law of the place where a contract is to be performed governs, subject to the rule that, if void where made, it is void everywhere."

For similar decision see: Miller v. Colonial Underwriters, 230 Pac. 1030 (Kans.). Also see opinion, Mr. Justice Holmes, Mutual Life Ins. v. Liebing, 259 U. S. 209.

In the case of **Detroit and Cleveland Navigation v. Hade, 106 Oh St 464**, although not in point on facts, the Supreme Court held:

"Where a contract is void by the law of the state where it is made, it cannot be enforced as a valid contract in any other."

Also see: Satterthwaite v. Doughty, 59 Am. Dec. 554 (44 N. C. 59); Ritchey v. Gerard, 152 Pac. 2d 394 (48 N. M. 452).

Our only concern is with the cognovit feature of the note by which jurisdiction was obtained; not the validity of the note itself. The Indiana courts recognize that the note or promise to pay may be valid under their statutes, even though the cognovit provision is not. Simpson v. Fuller, 51 N. E. 2d 870.

The law does not favor judgments taken without notice to the other party, and strict construction applies. **31 O. Jur. 608 §139.** In the case of **Haggard v. Schick, 151 Oh St 535**, it is held:

"A warrant of attorney to confess judgment must be strictly construed and the authority thereby conferred cannot be expressed beyond the limits expressed in the instrument."

The instrument also shows on its face that it was taken for more than the amount due, as interest was not properly computed. However, this question is only secondary to the jurisdictional question.

The sole jurisdiction over the defendants is by the warrant of attorney to confess judgment contained in the note. There is no dispute that the note was executed and delivered in the State of Indiana, and that the statutes of Indiana make such provision invalid.

Thus, the Court, from the foregoing, must arrive at the conclusion that a warrant of attorney rendered completely void by the law of the state where the contract was made is void at the time of making and life cannot be breathed into it by taking across a state line or having it payable in another state. This is not the case of an act being against public policy or against general legislative interest, but is in violation of a statute that also makes such act void.

Therefore, the Court finds no jurisdiction over the defendants was ever obtained.

The judgment rendered herein must fail because of the failure of jurisdiction.

Journal entry may be prepared accordingly.